CARL HOUSTON HILL, Petitioner, v. STATE OF TENNESSEE, Respondent.

452 S.W.2d 661.

Court of Criminal Appeals of Tennessee. Nov. 19, 1969.

Certiorari Denied by Supreme Court March 16, 1970.

William D. Grugett, Covington, for petitioner.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Will Terry Abernathy, Dist. Atty. Gen., Selmer, for respondent.

## OPINION

HYDER, Judge.

This is an appeal from the judgment of the trial court sustaining the demurrer of the State and dismissing

petitioner's post-conviction petition without an evidentiary hearing.

A "Petition For Post-Conviction Release" was filed by counsel retained by the petitioner on September 16, 1968. The District Attorney General, on November 12, 1968, filed a demurrer on behalf of the State, in which he contends that all grounds for relief set forth in the petition had been previously determined by the Supreme Court of Tennessee, a Court of competent jurisdiction. Filed as Exhibit I to the demurrer is a certified copy of the opinion of the Supreme Court affirming the conviction and judgment in the criminal case wherein the petitioner was defendant. There is also filed with the demurrer a copy of the Supreme Court's denial of a petition to rehear.

On November 19, 1968, counsel for petitioner filed an amendment to his petition for post-conviction relief, and a demurrer was filed by the State again alleging that the issues raised therein were previously determined by the Supreme Court of Tennessee, after a full and fair hearing.

The trial court, on December 3, 1968, entered an order sustaining the demurrer and dismissing the petition, ruling that the sole and only questions raised in the petition and the amendment thereto have been determined previously by a Court of competent jurisdiction, to-wit: the Supreme Court of Tennessee, after a full and fair hearing.

Counsel for petitioner has filed a Brief and Argument which contains two assignments of error, which are actually one, that being: that the trial court erred in sus-

taining the demurrer to the petition and the amendment to the petition on the grounds set forth in the opinion.

Petitioner contends in his original petition that his confession, which was used in his trial, was invalid and in violation of his Constitutional rights. He alleges that he was in such a mental condition as rendered him incapable to having made a valid confession shortly after the crime was committed. In his amendment to his petition he alleges that due to his complete mental breakdown a very few days after his arrest, he suffered a loss of memory to the extent that he could not advise properly his attorney, could not make a complete defense, and was thus denied his rights under the Tennessee and United States Constitutions.

Petitioner's conviction of murder in the second degree was affirmed by the Supreme Court of Tennessee in an opinion filed January 12, 1968. The two questions raised by the petition and the amendment concern the mental condition of the petitioner, then defendant, at the time of and shortly after the crime was committed; and the constitutionality of his confession. Both of these were ruled on adversely to the petitioner by the Supreme Court. We quote from the unpublished opinion of that Court in the case: Carl Houston Hill v. State of Tennessee, at Jackson, filed January 12, 1968:

> "The instructions of the trial court were full and complete upon the effect of insanity, and the legal test therefor. It is insisted before us that the trial judge should have submitted to the jury initially the question of the mental capacity of plaintiff in error before they undertook to consider any of the other questions submitted to them. We find no merit in this assignment,

and we are of the opinion that the trial judge properly instructed the jury on all of the issues involved in the case.

"Aside from the issue of insanity, the assignment of error urged most seriously before us is that pertaining to the confession given by plaintiff in error and introduced in evidence over his objections. There is no claim or suggestion in the case of police brutality or duress. The overwhelming preponderance of the testimony is to the effect that plaintiff in error was fully advised of all of his constitutional rights and that he had been so advised before giving his written confession on the morning of January 12, 1963, and also that he had been so advised before being interrogated by the Tennessee Bureau of Identification officer on the night of January 11, 1963. There had been some preliminary questioning by the Chief of Police earlier in the evening, but no confession was obtained at that time.

"Plaintiff in error was a high school graduate, and he appeared to be normal mentally to those interrogating him. He did not confess in response to the first interrogation. He voluntarily confessed orally to his father after the officers had completed their first interrogation and after having been fully advised of his constitutional rights. His formal written confession was taken after he had again been fully advised of all of his constitutional rights."

The Tennessee Post-Conviction Procedure Act provides that the scope of the hearing on a petition filed thereunder shall extend to all grounds except those which

the court finds should be excluded because they have been previously determined. T.C.A. § 40-3811. Our Code then states that:

"A ground for relief is 'previously determined' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40-3812.

This provision in our Post-Conviction Procedure Act follows the previous holdings of our Supreme Court in habeas corpus cases in which the matters complained of by the petitioner had already been fully considered on appeal. In those cases the Court said that no reason or good purpose could be served in considering the petition on the merits. State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667; State ex rel. Smith v. Bomar, 212 Tenn. 149, 368 S.W.2d 748.

It appears to us that this petitioner was represented by able counsel in the criminal case and in the appeal of his conviction. Counsel presented a petition to rehear to the Supreme Court, after defendant's conviction was affirmed by that Court. The same attorney has filed this petition and the amendment thereto for the petitioner. Certainly all of his legal and constitutional rights have been fully protected by his attorney. The complaint made in petitioner's brief filed with this Court that the State's demurrer to the petition was an improper pleading is not material since the trial judge may order the petition dismissed without any pleading from the State. T.C.A. § 40-3809.

We concur in the finding of the trial judge that the questions raised in this petition and the amendment to it have been previously determined by the Supreme Court,

a court of competent jurisdiction, after a full and fair hearing.

The judgment dismissing the petition is affirmed.

RUSSELL and MITCHELL, JJ., concur.