STATE of Tennessee, ex rel. Charles Ray NELSON, Appellant,

v.

Ross SIMS, Sheriff of Knox County, Tennessee, Appellee.

Supreme Court of Tennessee.

Sept. 27, 1976.

Ralph E. Harwell, Asst. Atty. Gen., Ronald A. Webster, Dist. Atty. Gen., Knoxville, David L. Raybin, Asst. Atty. Gen., Nashville, for appellant; R. A. Ashley, Atty. Gen., Nashville, of counsel.

Donald A. Donati, Memphis, William L. Shulman, Johnson City, for appellee.

## OPINION

BROCK, Judge.

This appeal is from the judgment of the Criminal Court, Knox County, denying relator's petition for the writ of habeas corpus.

Relator, Charles Ray Nelson, was charged in two warrants; one was for assault and battery, which is not involved in this appeal, and the other was a "peace warrant" issued under the authority of T.C.A. § 38–301, et seq. Relator was ordered to give security in the amount of $2,000.00, conditioned that he keep the peace. Initially, because he was unable to post the bond, he was incarcerated in the Knox County jail until such time as he could post the bond, or until October 9, 1975. But, on May 13, 1975, before his appeal was heard in this Court, relator was released from custody upon his own recognizance by order of the General Sessions Court of Knox County in which the peace warrant proceeding was pending. Nevertheless, relator has persevered in his appeal of the habeas corpus case, presenting a number of attacks upon the constitutional validity of the statutes governing proceedings to keep the peace, T.C.A. § 38–301, et seq.

It must first be noted that there was no appeal from the judgment in the proceeding to keep the peace; this appeal is from the judgment denying the writ of habeas corpus.

The office of the great writ of habeas corpus is to free from custody those who are unlawfully imprisoned. It may not be used as a substitute for appeal. *State ex rel. Jones v. West,* 139 Tenn. 522, 201 S.W. 743 (1918); *State ex rel. Smith v. Bomar,* 212 Tenn. 149, 368 S.W.2d 748 (1963).

The State, in its brief, argues that the habeas corpus proceeding and this appeal were rendered moot by the relator's release from custody upon his own recognizance on May 13, 1975. Relator, however, urges that the Court should render an opinion upon the constitutional issues which he has raised in his brief, relying upon *State ex rel. Dillehay v. White,* 217 Tenn. 524, 398 S.W.2d 737 (1966) as authority for his contention that

this appeal is not moot. In that case, it was held that a defendant in a criminal case who had been released from jail upon her own recognizance could, nevertheless, maintain habeas corpus because the terms of her release restricted her to the confines of Maury County, Tennessee, and subjected her to immediate reimprisonment in the event her appeal should be dismissed, factors which this Court deemed to constitute a "constructive confinement."

But, here there is no constructive confinement of the relator; nor is he subject to summary confinement in the peace warrant case. Therefore, we are of the opinion that this appeal is moot and should be dismissed.

Ordinarily, this Court will not determine an issue unless it is presented by parties who have a genuine, live, personal interest in its decision. *Perry v. Banks,* Tenn., 521 S.W.2d 549 (1975).

It is true that on rare occasions the courts have been moved to decide issues of great public importance although presented in a case which has become moot as to the litigants. *McCanless v. Klein,* 182 Tenn. 631, 188 S.W.2d 745 (1945); *State ex rel. v. Trotter,* 153 Tenn. 30, 281 S.W. 925 (1926); 5 Am.Jur.2d 210, Appeal and Error, § 768. In each of the cited cases, the lower court had held a statute to be unconstitutional and void, impelling the court, in its discretion, to go ahead and determine the constitutional validity of the statute, although the appeal had been rendered moot insofar as the parties' litigants were concerned. But, when this rationale was urged upon the court in a moot case in which the lower court had *upheld* the constitutional validity of a statute, it was held that there was no sufficient public importance in the issue to impel the court to decide it, since all statutes are presumed to be constitutional, and, accordingly, the appeal was dismissed. *Federal Firefighters of Oak Ridge v. Roane-Anderson Co.,* 185 Tenn. 320, 206 S.W.2d 369 (1947). Here, the statutes attacked were upheld by the judgment of the lower court and we see no public interest sufficient to impel this Court to decide the constitutional questions presented. It is our view that it is better that such issues be decided in a case in which the litigants have a real, live, substantial interest in the outcome of the litigation; such is the teaching of our judicial heritage.

Accordingly, the appeal is dismissed and costs taxed against relator.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.