**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT KNOXVILLE**
**DECEMBER SESSION, 1997**

FILED

January 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

EARL THOMAS MITCHELL, JR.,)
                       )
    Appellant      )    No. 03C01-9704-CR-00125
                       )
vs.                 )    JOHNSON COUNTY
                       )
                       )    Hon. LYNN BROWN, Judge
HOWARD CARLTON, Warden, )
and STATE OF TENNESSEE, )
                       )    (Writ of Habeas Corpus)
    Appellee      )

For the Appellant:

Earl Thomas Mitchell, Jr., *Pro Se*
T.D.OC. #106783
N.E.C.C.
Post Office Box 5000
Mountain City, TN 37683-5000

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Peter M. Coughlan**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Earl Thomas Mitchell, Jr., appeals the denial of his petition for the writ of habeas corpus. Upon review, we affirm the judgment of the trial court.

On February 5, 1985, the appellant pled guilty to one count of burglary and five counts of concealing stolen property for which he received an effective sentence of five years.[1] The appellant did not appeal these convictions. He is currently confined at the Northeast Correctional Center located in Johnson County. On January 2, 1997, the appellant filed a *pro se* petition for writ of habeas corpus. The petition alleges that the evidence was insufficient to convict him of these offenses, that the five counts in the indictment were improperly presented to the grand jury, that the respective counts of the indictment fail to state an offense, and that trial counsel was ineffective. The Johnson County Criminal Court dismissed the appellant's petition.

The trial court determined that the appellant's petition failed to state a cognizable ground for habeas corpus relief. Habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, <u>or</u> that a defendant's sentence has expired and he is being illegally restrained. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993). Moreover, it is well established law in this state that the writ of habeas corpus may not be used as a substitute for, or in lieu of an appeal. <u>State v. Bomar</u>, 368 S.W.2d 748, 749 (Tenn. 1963). In distinguishing habeas corpus relief from post-conviction relief, this court, in <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), held that:

> If the court rendering a judgment has jurisdiction of the person, the subject matter, and has the authority to make the challenged

---

[1]The appellant's petition states that, following his guilty pleas, he escaped and remained on escape status for ten years.

> judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief. Conversely, if the face of the record reveals that the court did not have personal and subject matter jurisdiction, or the authority to make the challenged judgment, the judgment is void.

Only one of the appellant's claims alleges a void conviction, *i.e.*, the indictments are fatally defective because they do not state an offense. However, the appellant fails to explain the basis of his claim. Moreover, from a review of the various counts in the indictment, it is clear that a statutory offense has been stated. Thus, the trial court correctly concluded that the petition failed to state a cognizable claim for habeas corpus relief. Notwithstanding this conclusion, the trial court noted that the appellant's claim of ineffective assistance of counsel is cognizable as a post-conviction claim, see Tenn. Code Ann. § 40-30-205(c) (1996 Supp.). However, the court correctly concluded that a post-conviction claim is nonetheless time-barred as the petition was filed outside the applicable three year statute of limitations period. Tenn Code Ann. § 40-30-102 (1990) (*repealed* 1995).

The appellant also argues that the trial court erred by dismissing his petition without the appointment of counsel. A petition for writ of habeas corpus relief may be summarily dismissed by the trial court without appointment of counsel, without an evidentiary hearing, and without the opportunity to amend the petition, if, from the face of the petition, the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void. See Tenn. Code Ann. § 29-21-101, -109 (1980); see also Villaneuva v. Carlton, No. 03C01-9611-CR-00425 (Tenn. Crim. App. at Knoxville, Oct. 3, 1997). We conclude that the trial court properly followed the provisions of Tenn. Code Ann. § 29-21-101 *et seq.* in summarily dismissing the petition.

For the foregoing reasons, we affirm the trial court's summary dismissal of the appellant's application for the writ of habeas corpus.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
THOMAS T. WOODALL, Judge