IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 18, 2003 Session

## ROGER L. HICKMAN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 74318     Ray L. Jenkins, Judge**

_____

**No. E2002-01916-CCA-R3-PC**
**December 18, 2003**
_____

The Appellant, Roger L. Hickman, appeals the dismissal of his petition for writ of habeas corpus collaterally attacking a 1986 misdemeanor conviction. We affirm dismissal of the petition upon grounds that (1) there is no showing that Hickman is currently "imprisoned or restrained of his liberty," as required by Tennessee Code Annotated Section 29-21-101, and (2) the petition fails to comply with the statutory requirements.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined; JOHN EVERETT WILLIAMS, J., dissenting.

Douglas A. Trant, Knoxville, Tennessee, for the Appellant, Roger L. Hickman.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Thomas E. Williams, II, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Zane M. Scarlett, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

In 1986, the Appellant pled guilty to simple possession of marijuana in the Knox County General Sessions Court and received a $50.00 fine and a ten-day suspended sentence. In February, 2002, the Appellant filed a petition for writ of habeas corpus in the Knox County Criminal Court alleging that his 1986 conviction was void because it resulted from an uncounseled guilty plea. At an evidentiary hearing on this issue, the proof established that no attorney of record was noted on the 1986 warrant/judgment form and the judgment did not reflect that the Appellant waived his right

to counsel. The trial court dismissed the petition upon grounds that the judgment was voidable as opposed to void upon its face, thus, warranting no relief.[1] This appeal followed.

## ANALYSIS

The remedy of habeas corpus, which finds its origin in the common law, is guaranteed by the Constitution of Tennessee. TENN. CONST. ART. 1, §. 15; *Ricks v. State*, 882 S.W.2d 387, 390 (Tenn. Crim. App. 1994). Its central purpose has been to test the legality of detention. The remedy of habeas corpus is limited in scope, as well as relief, and is available only to contest a void judgment or a sentence that has expired. *Archer v. State*, 851 S.W.2d 157, 161-162, 64 (Tenn. 1993).

Tennessee Code Annotated Section 29-21-101 sets out when habeas corpus relief is available:

> Any person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority] may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint.

Tenn. Code Ann. § 29-21-101. The term "restrained of his liberty" has been extended to include constructive custody, as well as actual physical custody. *State ex rel. Dillehay v. White*, 398 S.W.2d 737, 738 (Tenn. 1966) (holding that a defendant released upon her own recognizance could nevertheless pursue a habeas corpus claim under the principle of "constructive confinement" because she was subject to immediate incarceration should her appeal be dismissed). The concept of constructive custody is applicable only in those situations where the petitioner may later lose his or her liberty and be eventually incarcerated under the challenged conviction. Accordingly, in addition to those "imprisoned," habeas corpus relief has been extended to a prisoner on parole, probation, or other form of release.

In this case, we have concluded that the Appellant has presented a cognizable habeas corpus claim, *i.e.*, that his 1986 misdemeanor conviction is presumptively void. Because the Appellant is not in actual or constructive custody, as his sentence has long expired, the question remains whether we must further extend the phrase "imprisoned or restrained of his liberty" to our Appellant. Although we are unable to find any appellate decisions directly on point in Tennessee, we find the following decisions persuasive. In *Maleng v. Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 1926 (1989),[2] the Supreme Court, in construing the "in custody" provision of the federal habeas corpus statute, held:

---

[1] We find it unnecessary to review the trial court's ruling supporting dismissal of the petition in view of our decision in this case.

[2] While acknowledging the variation in scope and remedy of the federal habeas corpus statute and this state's statute, we nonetheless are reminded that both have their origins in the common law and both issue only "for the purpose of inquiring into the cause of restraint of liberty." 28 U.S.C.S. § 2241, History; Ancillary Laws and Directives (2003).

The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all states have habitual offender statutes, . . . a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the 'in custody' requirement out of the statute and be contrary to the clear implication of the opinion in *Carafas v. LaVallee*, [391 U.S., 234, 238, 88 S. Ct. 1556, 1560 (1968) (holding that the federal habeas corpus statute required that the habeas petitioner be "in custody" as a result of the conviction or sentence under attack at the time his petition was filed)].

*Maleng v. Cook*, 490 U.S. at 492, 109 S. Ct. at 1926. "We have never held, . . ., that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491, 1925.

In *John Mock v. Warden,* No. CV000003127 (Conn. Super. Ct. at Rockland, Feb. 18, 2003), the Superior Court of Connecticut, when confronted with an issue virtually identical to the issue presented before us, observed,

there is no fixed statute of limitations for the filing of a petition for the writ of habeas corpus. Notwithstanding this lack of a fixed statute of limitations, there is a key prerequisite to the filing of a habeas corpus petition that is the functual equivalent of a statute of limitations. In order for the court to grant a writ of habeas corpus, the petitioner must be 'illegally confined or deprived of his liberty,' *at the time that the petition is filed*.

*John Mock,* No. CV000003127 at *3-4.

Consistent with these holdings and the common law history of the writ are the following reported appellate decisions of this state.[3] Our supreme court has held that the only relief that can be given a prisoner in a state habeas corpus proceeding is release or discharge from custody. *Ussery v. Avery*, 432 S.W.2d 656, 658 (Tenn. 1968); *Taylor v. Morgan*, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995). The purpose of the writ of habeas corpus is to test the legality of the imprisonment or restraint of one who is being illegally detained. *State v. Warren*, 740 S.W.2d 427, 428 (Tenn. Crim.

---

[3]In the dissent, our colleague Judge Williams, cites *Church v. State*, 987 S.W.2d 855 (Tenn. Crim. App. 1998) for a contra position. In *Church*, a panel of this court affirmed the dismissal of a habeas corpus petition, concluding that the petition failed to state a cognizable claim for habeas corpus relief. *Id.* at 858. The holding in *Church* does not address the issue presented in this case. Moreover, we are constrained to note that, under the dissent's position, there would never be any finality in a judgment of conviction in a criminal case.

App. 1986). In *Ussery v. Avery*, 432 S.W.2d at 658, the court denied habeas corpus relief, even though the judgment was potentially void, because imprisonment resulted from a conviction other than that challenged in the petition. A fortiori, habeas relief is available only to a petitioner contesting the validity of the judgment under which he is confined. *Id.*; *see also Warren*, 740 S.W.2d at 428.

Moreover, we conclude that the Tennessee habeas corpus statutes clearly contemplate that the habeas petitioner must be in either actual or constructive custody of the sentence being challenged at the time the petition is filed. *See, e.g.,* Tenn. Code Ann. § 29-21-110 (requiring that the writ be directed to the sheriff or other person having custody of or restraining the person on whose behalf the application is made and commanding the restraining authority to have the body of such person before the court at the time and place specified); Tenn. Code Ann. § 29-21-122 (providing that if legal cause for detention is not shown, the petitioner shall be discharged, otherwise, the petitioner shall be remanded to custody). We are constrained to note that the term "imprisoned or restrained of liberty" for purposes of habeas corpus relief is not co-extensive with the term "person in custody" contained in Tennessee Code Annotated Section 40-30-102 of our Post-Conviction Procedures Act. The post-conviction term "in custody" has long been construed to mean that a petitioner may collaterally attack a conviction, even when that sentence is served and the petitioner is no longer on any form of release, if there is a possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. *Ellison v. State*, 549 S.W.2d 691, 694 (Tenn. Crim. App. 1976); *see also State v. McCraw*, 551 S.W.2d 692, 694 (Tenn. 1977). Indeed, post-conviction proceedings are routinely utilized to collaterally challenge a void or voidable conviction, where that conviction is being used to enhance a second or subsequent sentence. Again, the term "restrained of liberty" for habeas corpus purposes requires either actual or constructive custody, while the term "in custody" for post-conviction purposes does not.

Because the record establishes that the Appellant's 1986 sentence has expired and he is no longer in actual or constructive custody, we conclude that the Appellant is not "imprisoned or restrained of his liberty," as required by the habeas corpus statute. Accordingly, the issue of whether he may prosecute the writ of habeas corpus is moot. *State ex rel. Nelson v. Sims*, 583 S.W.2d 302, 303 (Tenn. 1976) (holding that habeas corpus proceeding was rendered moot after petitioner was no longer subject to actual or constructive confinement of a "peace warrant"); *see also State ex rel. Lewis v. State*, 347 S.W.2d 47, 48 (Tenn. 1961); *Johnson v. State*, No. W2001-02373-CCA-R3CD (Tenn. Crim. App. at Jackson, Aug. 7, 2002); *Jones v. State*, No. 01C01-9711-CR-00548 (Tenn. Crim. App. at Nashville, Dec. 11, 1998).

Finally, we observe that the petition woefully fails to comply with the statutory provisions, which require specific facts to be included in the application for the writ. In this case, the petitioner (1) fails to name the restraining authority and place of restraint, (2) fails to state whether the legality of the restraint has or has not been previously adjudicated, and (3) fails to state whether or not

previous applications have been made.[4] Tenn. Code Ann. § 29-21-107(b)(1)(3), (4). In addition, the petition is not verified by affidavit, as required by Tennessee Code Annotated Section 29-21-107(a). Compliance with the statutory requirements of Tennessee Code Annotated Section 29-27-107 is mandatory and must be scrupulously followed. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291 (Tenn. 1964)*; Bateman v. Smith*, 194 S.W.2d 336, 337 (Tenn. 1946).

## CONCLUSION

Based upon the foregoing reasons, we affirm the trial court's dismissal of the Appellant's application for the writ of habeas corpus.

_____
DAVID G. HAYES, JUDGE

[4]Indeed, the records of this court indicate that the Appellant has filed a second challenge to this same Knox County General Sessions conviction, which is captioned, "Petition For Relief From Conviction or Sentence." This petition was also dismissed at the trial level and is on appeal to this court. Interestingly, this petition states that the petitioner is currently confined in a North Carolina federal correctional facility under sentence imposed by the United States District Court for the Middle District of Florida. Assuming this allegation is true, the Appellant would again be ineligible for habeas corpus relief in Tennessee. *See* Tenn. Code Ann. § 29-21-102 (persons committed or detained by virtue of process issued by a court of the United States, or a judge thereof . . . are not entitled to the benefits of this writ).