Nestor A. TAFOYA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 9652.

United States Court of Appeals Tenth Circuit.

Dec. 11, 1967.

Karl W. Friedel, Wichita, Kan., for appellant.

Richard T. Spriggs, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., with him on brief), for appellee.

Before WOODBURY,* LEWIS and HICKEY, Circuit Judges.

PER CURIAM.

Tafoya appeals from a judgment and sentence entered after a jury found him guilty of intending to defraud by passing, uttering and publishing a forged and counterfeited United States Postal Money Order in violation of 18 U.S.C. § 500. For the reasons stated below, we affirm.

The government's evidence showed the United States Postal Money Order here involved was stolen in blank in a burglary of a United States Post Of-

* Senior Circuit Judge of the First Circuit, sitting by designation.

fice. The evidence also showed the appellant was apprehended in the act of attempting to pass the money order to a grocery store by forging the endorsement of one Willie Gonzales. Gonzales testified he did not affix his signature to the money order, nor was the signature which was there in his handwriting. In addition, two witnesses identified appellant as the person who presented the forged money order to them for payment. This evidence was sufficient to support the conviction.

Appellant contends he was denied a fair and impartial trial in three respects. First, appellant assigns as error the court's sustaining of an objection to appellant's attempt to impeach a government witness by showing the witness had previously been "picked up by the police and charged." It is clear that only previous convictions, and not previous acts of misconduct which do not result in conviction, may be used to impeach a witnesses' credibility. Ramirez v. United States, 294 F.2d 277, 284 (9th Cir. 1961); Pearson v. United States, 192 F.2d 681, 699 (6th Cir. 1951); 3 Wigmore on Evidence § 980(a) (3rd Ed.1940). Second, appellant contends he was prejudiced by remarks the court made to the jury regarding recesses and delays. We have examined the court's remarks and find no prejudice resulting to appellant. The remarks consisted of the admonitions and instructions usually given when matters are to be handled outside the presence of the jury. Rather than prejudice the appellant, the remarks served to protect the appellant from prejudice. Third, Tafoya complains of the court's instructing the jury "[i]t was not necessary that the proof establish with certainty the exact date of the alleged offense" but was "sufficient if the evidence [showed] beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment." This instruction is set forth in 27 F.R.D. 39, Jury Instructions and Forms 5.02 (1961); there was no error in using it.

It is contended the United States Commissioner violated the Eighth Amendment by requiring a surety or cash bond in the amount of $1,500.00 and the District Court erred in refusing to modify that condition by allowing appellant to execute an unsecured bond and pay a ten per cent deposit thereon. The Commissioner stated as the reasons for requiring a surety bond that appellant had only recently been discharged from a penitentiary after serving eight years; that appellant was single and had no immediate family in Denver; that appellant had advised the Commissioner he was not on any probation, whereas in fact, he was on probation from the County Court in Denver after having been convicted of drunkenness, disturbance, resistance and destruction of city property. In view of these facts, we cannot say the conditions of release were unreasonable and excessive. If the conditions were unreasonable and excessive, they would not deprive the District Court of jurisdiction nor affect the validity of his conviction. Moore v. Aderhold, 108 F.2d 729, 731 (10th Cir. 1939).

Tafoya finally argues that his court-appointed counsel was incompetent. It is noted that the attorney originally appointed for the appellant was given permission to withdraw before the case went to trial, in part on the grounds appellant was uncooperative, was interfering with trial preparation, and had proceeded to act pro se in his trial. A second attorney was appointed for the appellant and he handled the defense throughout the trial. A third attorney has handled Tafoya's appeal.

We have carefully examined the transcript of the proceedings in this case and find no merit to appellant's contention he was denied effective assistance of counsel. "Effective representation does not guarantee a subjectively satisfactory result for those accused of crime." Lucero v. United States, 335 F.2d 912, 913 (10th Cir. 1964). "In every case a lawyer loses, it is possible, in retrospect, to say that some different strategy or procedure might have brought about a better result. But this is not sufficient to sustain a claim of in-

**540**

effective assistance of counsel. To sustain such a claim we would have to be able to conclude that the representation was such as to make the trial a mockery, a sham or a farce." Johnson v. United States, 380 F.2d 810, 812 (10th Cir. 1967), and cases cited therein. There is nothing in the record before us to indicate appellant's trial even approached such a description.

Affirmed.