**Frederick HOLNAGEL, Petitioner-Appellant,**

v.

**George A. KROPP, Warden, State Prison of Southern Michigan, Respondent-Appellee.**

**No. 20089.**

United States Court of Appeals, Sixth Circuit.

May 27, 1970.

Frederick Holnagel, in pro per.

Frank J. Kelley, Atty. Gen., Stewart H. Freeman, Asst. Atty. Gen., Robert A. Derengoski, Solicitor Gen., Lansing, Mich., on brief for respondent-appellee.

Before PHILLIPS, Chief Judge, and COMBS and BROOKS, Circuit Judges.

BROOKS, Circuit Judge.

This is an appeal from the denial of an application for a writ of habeas corpus. In 1962, petitioner-appellant, Frederick Holnagel, entered a plea of guilty to the crime of kidnapping and was duly sentenced. In 1969, having exhausted state remedies, this proceeding was filed by petitioner alleging the denial of effective assistance of counsel and asserting that his plea of guilty was involuntary. The two issues actually are intertwined as the principal complaint is that the alleged involuntary guilty plea resulted from ineffective assistance of counsel.

In 1966, a full evidentiary hearing was held in the state court with petitioner, his former counsel, and all material witnesses testifying. The two issues raised by petitioner were given detailed consideration, and in an extensive opinion were resolved against him on the merits and the motion to set aside his guilty plea was denied. This order was affirmed by the Michigan Court of Appeals and leave to appeal denied by the Michigan Supreme Court. People v. Holnagel, 381 Mich. 786.

Following this exhaustion of state remedies the present proceeding for a writ of habeas corpus was filed. The District Court after reviewing the entire record, including the transcript of the state court's evidentiary hearing, concluded in a written opinion that petitioner's claims were without merit. We have reviewed the entire record and agree with the result reached by the District Court.

The only issue requiring comment bears on petitioner's attempt to have himself committed to a state mental hospital as a criminal sexual psychopath while he was still awaiting trial on the kidnapping charge. A criminal sexual psychopath, as defined by Michigan statute, is "any person who is suffering from a mental disorder * * * which mental disorder is coupled with criminal propensities to the commission of sex offenses * * *." (M.S.A. 28.967 [1], M.C.L.A.

§ 780.501). A petition was filed, psychiatrists were appointed, and after a hearing, the court found the petitioner was not a sexual psychopathic person. This judgment was affirmed on appeal. People v. Holnagel, 371 Mich. 347, 123 N.W. 2d 726.

At the time petitioner plead guilty to the kidnapping charge, his counsel was under the mistaken impression that to be adjudicated a sexual psychopath, petitioner was required to enter a guilty plea to the kidnapping charge and so advised him. This advice is particularly relied upon to support the claim of ineffective assistance of counsel.

 There were other reasons, however, upon which counsel based his advice. He had made an investigation which disclosed that petitioner had committed the kidnapping offense with which he was charged and which the petitioner did not deny. He had determined that the only defense available was lack of intent, and he had explored the possibility of advancing such a defense based on intoxication or on insanity. After consideration these strategies were rejected as being without merit and incapable of being sustained before a jury. Another factor was that petitioner had engaged in a criminal sexual act with his kidnapped victim, and this would have been revealed during a trial with its predictable prejudicial effects. The attorney for petitioner also testified that since petitioner had no defense his chances for leniency were much greater if he entered a guilty plea than if he went to trial and was found guilty by the jury. Generally, this circumstance alone would more than justify defense counsel advising a guilty plea.

Effective assistance of counsel does not mean that every mistake of judgment or misconception of the law would deprive an accused of a constitutional right. It has been consistently held that a charge of inadequate legal representation cannot prevail unless what has been done or not done by the attorney for his client makes the procedure a farce

and a mockery of justice shocking to the conscience of the court. Hayes v. Russell, 405 F.2d 859 (6th Cir. 1969); Schaber v. Maxwell, 348 F.2d 664 (6th Cir. 1965); Scott v. United States, 334 F.2d 72 (6th Cir. 1964), cert. denied 379 U.S. 842, 85 S.Ct. 81, 13 L.Ed.2d 48. In assessing a claim of ineffective assistance of counsel, the whole record must be examined. It cannot be based upon some isolated act or omission. Harried v. United States, 128 U.S.App.D.C. 330, 389 F.2d 281 (1967).

When this record is looked at as a whole, it is not believed that the mistake in interpreting the Michigan sexual psychopath statute made the procedure in this case a farce and a mockery of justice as would shock the conscience of the court. As Judge Burger, now Chief Justice Burger, wrote in Harried v. United States, *supra*, "[t]he burden on the Appellant to establish his claim of ineffective assistance of counsel is heavy." It is implicit in the conclusions of both the state court and the District Court that petitioner failed to sustain this burden. We agree.

Affirmed.