**Jerry Bates LONG, Plaintiff In Error,**

v.

**STATE of Tennessee, Defendant In Error.**

Court of Criminal Appeals of Tennessee.

Feb. 8, 1974.

Certiorari Denied by Supreme Court
May 6, 1974.

Arnold Peebles, Jr., Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Guy Dotson, Dist. Atty. Gen., Murfreesbor, for defendant in error.

## OPINION

OLIVER, Judge.

Serving a 15-year armed robbery sentence adjudged in the Rutherford County Circuit Court upon conviction by a jury, while represented by retained counsel, which was affirmed on direct appeal to this Court on June 13, 1972 following which the Supreme Court of this State denied his petition for the writ of certiorari, Long is now before this Court upon his appeal from the judgment of the trial court dismissing his post-conviction petition following an evidentiary hearing.

The substance of the averments in the petition, as amended, attacking the validity of the petitioner's conviction are (1) "the shocking inadequacy" of his trial attorney's representation of him, because (a) his conduct was unethical and bordered on criminal conduct, (b) he attempted to procure perjured testimony, (c) he failed to call as a defense witness the sheriff of Rutherford County whose testimony was material to his case, (d) he failed to move to suppress the testimony of the prosecutrix whose in-court identification "was so tainted with illegal suggestive procedures" as would have required suppression of her testimony, and (e) his conduct "was so abrasive and contemptuous that said conduct inflamed the jury in violation of petitioner's right to a fair trial and said conduct was such as would be deemed a sham and a mockery and led to a miscarriage of justice," (2) "non-disclosure to the Court and the jury that the prosecutrix had been shown a picture of the defendant prior to her in-court identification of the petitioner and told by State agents that they were showing her a picture of *the* man who robbed her, and after seeing said picture was unable to point out the defendant in a

subsequent line-up," and (3) that the State failed to reveal that Robert Lee Nelson, an alleged accomplice and prosecution witness, had been promised leniency by the State and has not yet been prosecuted.

██ At the beginning of the evidentiary hearing, petitioner's counsel orally undertook to add additional grounds not charged in the petition or amended petition. It is unquestionable that a post-conviction petitioner limits the inquiry to the questions he raises therein. As in other civil actions, he cannot allége one case and prove another; he can rise no higher than the averments set out in his petition; no relief can be sought or given upon grounds not raised therein. A habeas corpus or post-conviction petition must necessarily rest upon and be determined by the factual allegations it contains. Without such rules of orderly procedure a trial degenerates into chaos. This is the clear undergirding principle of the established rule that an evidentiary hearing is not required and no relief can be granted in a post-conviction case when the petition states no ground for relief. Carvin v. State, 2 Tenn.Cr.App. 220, 452 S.W.2d 681; Floyd v. State, 2 Tenn.Cr. App. 250, 453 S.W.2d 418; Porter v. State, 2 Tenn.Cr.App. 437, 455 S.W.2d 159; Guy v. State, Tenn.Cr.App., 470 S.W.2d 28; Crumley v. Tollett, Tenn.Cr.App., 474 S. W.2d 148; Arthur v. State, Tenn., 483 S. W.2d 95; TCA § 40–3809.

The court limited the proof to the first ground of relief raised in the petition, as above indicated, and declined to consider the averment about Robert Nelson or his affidavit in support thereof but did permit it to be filed.

James Patrick, the petitioner's retained trial attorney, testified that the first trial ended in a mistrial and the petitioner was convicted in his second trial; that at the first trial the sheriff testified, in the absence of the jury, that the victim could not positively identify the petitioner in a line-up; that the trial court ruled the line-up was tainted and excluded evidence con-

cerning it; that the court's ruling affected the defense as well as the State; that in the second trial he did not call the sheriff as a witness, possibly because of oversight and partly because the court had ruled that the line-up was tainted and evidence concerning it was inadmissible, and he understood that the court's ruling prevented him from presenting any evidence concerning that line-up, but he believed the sheriff's testimony might have been presented to impeach the testimony of the victim's wife; and that he conferred with the petitioner about calling each and every witness.

Long testified that he and Patrick talked about whether to call the sheriff; that he requested that the sheriff be called as a witness, but Patrick said that he did not want to get into the line-up matter but offered no other explanation.

In the course of his decision dismissing this petition, the trial judge, referring to his trial notes, stated that everybody conceded the line-up was improper and that he would not permit the State to introduce evidence concerning it to buttress the identification of the victims at the trial; that Attorney Patrick then asked if the defense would be permitted to inquire as to the line-up; that he told him "That's up to you," or words to that effect, and that if he went into the line-up question it would open up the whole matter for exploration by the Attorney General; and that apparently as a matter of trial strategy Attorney Patrick decided he did not want to go into that question.

The court said with reference to Attorney Patrick's representation of the petitioner: "It was a very hard fought case. Mr. Patrick, from the defense standpoint, had very strong proof, I know, and the Court was impressed then, as I was after the trial, with the way both the State and the defense conducted the trial, and I don't know anything that Mr. Patrick could have done that he didn't do. He fought this thing as hard as he possibly could . . . He put up a very diligent, hard defense for this defendant. This record shows that . . . Mr. Long, in the Court's opinion, in all fairness to him, was not convicted in this case because of any action on the part of Mr. Patrick. The facts of this case convicted Mr. Long."

In a habeas corpus or post-conviction proceeding, the burden is on the petitioner to prove his allegations attacking the validity of his conviction. Bratton v. State, Tenn.Cr.App., 477 S.W.2d 754; Morgan v. State, 1 Tenn.Cr.App. 454, 445 S.W.2d 477; State ex rel. Lawrence v. Henderson, 1 Tenn.Cr.App. 199, 433 S.W. 2d 96; Shepard v. Henderson, 1 Tenn.Cr. App. 694, 449 S.W.2d 726; State ex rel. Carroll v. Henderson, 1 Tenn.Cr.App. 427, 443 S.W.2d 689.

In considering Assignments of Error challenging the correctness of the trial judge's findings and dismissal of the petitioner's petition, we are bound to adhere to the settled rule that the findings of the trial court, upon questions of fact, are conclusive unless this Court finds that the evidence preponderates against the lower court's judgment. Such findings of a trial judge in an oral hearing, who sees and hears the witnesses testify, and hears and considers conflicting testimony, will be given the weight of a jury verdict. Bratton v. State, supra, and cases therein cited.

With respect to the petitioner's charge that his trial counsel failed to represent him adequately by not moving to suppress the testimony of the prosecutrix whose in-court identification of him was based on illegally suggestive procedures, we have examined the record of his direct appeal to this Court, as we are unquestionably authorized to do. State ex rel. Leighton v. Henderson, 1 Tenn.Cr.App. 598, 448 S.W.2d 82; Canupp v. State, 3 Tenn.Cr. App. 249, 460 S.W.2d 382; State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186; State ex rel. Wilkerson v. Bomar, 213 Tenn. 499, 376 S.W.2d 451. It is clear from this record that the person

whom the petitioner now refers to as the prosecutrix was the wife of the robbery victim, who was present in the home when the robbery occurred and she swore out the State warrant for Long's arrest. He raised the same question about her identification of him in his appeal to this Court. As reflected in this Court's opinion, following an investigation apart from the jury the trial judge excluded (1) a photograph of Long which Mrs. Matthews (the robbery victim's wife) looked at and which was taken from such a distance that one would have to know him in order to recognize him, and (2) all evidence concerning the police identification line-up, and the trial court found that her in-court identification was founded upon her observation of Long at the time of the crime and was not tainted by any subsequent occurrence. This Court agreed and found no error in the admission of Mrs. Matthews' in-court identification.

■ It is fundamental that habeas corpus and post-conviction proceedings may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal. Morgan v. State, supra; State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667; State ex rel. Smith v. Bomar, 212 Tenn. 149, 368 S.W.2d 748, cert. den., 376 U.S. 915, 84 S.Ct. 670, 11 L.Ed.2d 612; Spaulding v. Taylor, 336 F.2d 192 (10th Cir. 1964).

This rule is grounded in sound public policy. Indescribable chaos in the administration of criminal justice surely would be the inevitable consequence of a contrary ruling permitting convicted persons to raise repeatedly and without limitation questions previously and finally adjudicated adversely to their contentions. The wisdom of this rule was recognized by the Legislature of this State when it enacted the Post-Conviction Procedure Act (Chapter 310, Acts of 1967; TCA §§ 40-3801 to 40-3824), wherein post-conviction review of previously determined questions is positively prohibited. (TCA §§ 40-3811 and 40-3812).

■ This trial record fully sustains the finding of the trial judge that there is no merit in the petitioner's complaint about his retained trial attorney's representation of him.

The court also alluded to the long-settled law of this State that the actions or non-action of retained counsel are imputed to the defendant alone, citing Phillips v. State, 3 Tenn.Cr.App. 184, 458 S.W.2d 642; Beaty v. Neil, Tenn.Cr.App., 467 S.W.2d 844, and Bratton v. State, supra.

■ Our Supreme Court, by whose decisions we are bound, and this Court have held consistently that the actions or non-action of retained counsel are imputed to the defendant and not to the State, and that no "State action," which is necessary to invoke the Fourteenth Amendment, is involved. State ex rel. Richmond v. Henderson, 222 Tenn. 597, 439 S.W.2d 263; State ex rel. Donehue v. Russell, 221 Tenn. 609, 429 S.W.2d 818; State ex rel. Johnson v. Heer, 219 Tenn. 604, 412 S.W.2d 218; Morgan v. State, 1 Tenn.Cr.App. 454, 445 S.W.2d 477; State ex rel. Jennings v. Henderson, 1 Tenn.Cr.App. 438, 443 S.W.2d 835; Carvin v. State, supra.

By his first two Assignments of Error here the petitioner complains about the above-related finding of the trial court concerning the character of his retained defense counsel's representation of him. Those contentions are devoid of merit.

We consider it appropriate to direct attention particularly to the authorities cited and quoted in Morgan v. State, supra, and also to State ex rel. Richmond v. Henderson, supra, in which the Court quoted approvingly from Davis v. Bomar, 344 F.2d 84 (6th Cir. 1965), as follows: "When counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state."

■ Not every mistake of judgment or misconception of law made by defense counsel will deprive the accused of his constitutional right to effective representation, John v. Perini, 462 F.2d 1308 (6th Cir. 1972); Holnagel v. Kropp, 426 F.2d 777 (6th Cir. 1970), nor is the accused deprived of such right because a different procedure or strategy upon the part of counsel might have produced a different result. Tafoya v. United States, 386 F.2d 537 (10th Cir. 1967). And in determining whether the defendant did have adequate representation, the entire record, not "isolated acts or omissions" must be looked to. Holnagel v. Kropp, supra.

We turn now to the petitioner's averment and Assignment that the court erred in excluding the affidavit of Robert Nelson offered in the evidentiary hearing. The record of Long's trial shows that Nelson testified he had known the defendant five or six years; that he and James Talley (in Talley's Buick) followed the defendant's Chevrolet which he was driving with Jesse Espee and Johnny Buford Nelson as passengers, from Nashville to the Newtown Grocery in Rutherford County (owned by the robbery victim Thomas Clay Matthews) for the purpose of robbing the store; that at the store (which had been closed for the night) the defendant and the two men riding with him got out and went across the field with guns toward the home of Mr. and Mrs. Matthews, and he then drove the defendant's car on down the road to a nearby four-way intersection where he left it; that he and Talley drove around until they saw the police approach the defendant's car and then drove away and called the defendant's Nashville home and told his wife to report to the police that the defendant's car had been stolen. On cross-examination by defense counsel, he testified that, although he had told the District Attorney General several months earlier that he participated in the robbery he had never been arrested or charged with it; and that, although he had also told the authorities that his brother, John

Buford Nelson and Jesse Espee also participated in the robbery, neither of them had been arrested or charged with that offense as far as he knew; that he made no deal with the District Attorney General; and that he did not know whether he later would be charged with any complicity in that offense.

In the proffered affidavit Nelson stated that he was in a police car with the District Attorney General and four other law enforcement officials; that one of the officers, a TBI agent, told him that he would not be prosecuted if he testified for the State; that the District Attorney General did not promise him immunity; that at the trial, he was asked by the District Attorney and defense counsel if anyone had promised him anything and that he lied and replied that no promises had been made to him.

■ There can be no question about Long's object and purpose in charging in this post-conviction petition that the State failed to reveal that Nelson had been promised leniency by the State, and in seeking to introduce Nelson's affidavit undertaking to repudiate and disaffirm his trial testimony that he had made no deal of any kind with the District Attorney and had been promised no immunity to testify as a prosecution witness in Long's case; he simply undertook by this method to question and re-examine and test the sufficiency of the trial evidence by raising a question as to Nelson's credibility and reliability as a witness. This he may not do. An elementary principle of law long since firmly established and no longer debatable is that habeas corpus and post-conviction proceedings may not be employed to question or review or test the sufficiency of the evidence or the competency of witnesses introduced at a petitioner's original trial. Ray v. State, Tenn.Cr.App., 489 S. W.2d 849 and authorities therein cited.

The trial record shows that the defendant's conviction was not based solely on the testimony of Nelson, but also rested on

that of two other witnesses. Mrs. Matthews, who was in her home with her husband at the time of the robbery committed by three men, positively identified the defendant as one of them, saying she observed his face in the lighted bedroom and that the nylon mask he wore over his face had holes cut out for the nose and eyes and did not conceal his features. An officer testified that he found a Chevrolet (which was the defendant's) parked at an intersection near the scene and his investigation disclosed it had not been stolen; that he also saw a Buick occupied by two Negro men approaching him and then turn off; and that two or three minutes later the same Buick returned but again turned off in another direction.

■ The trial judge committed no error in declining to admit and consider Nelson's self-impeaching affidavit.

Affirmed.

■

WALKER, P. J., concurs.

O'BRIEN, Judge (concurring).

I am not disposed to argue with the propositions of law stated in the majority opinion. However, the issue raised in the post-conviction petition was incompetency of counsel who, in this instance, was privately retained. The majority opinion discusses the allusion in the trial judge's findings to the law that actions or non-action of retained counsel are imputed to the defendant alone, and then discourses at length on the nonoccurrence of State action where retained counsel are involved.

My review of this record satisfies me that the only issue raised in the petition is the adequacy of counsel and I am simply not wedded to the proposition that representation by retained counsel can never fall below standards of competence which would not result in a constitutional abrogation.

Otherwise, I concur fully with the majority opinion.