IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION

**FILED**

**January 16, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**



|  |  |  |
|---|---|---|
| JOHN ERIC JOHNSON, | ) | |
| | ) | |
| APPELLANT, | ) | |
| | ) | No. 01-C-01-9611-CR-00470 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | J. Randall Wyatt, Jr., Judge |
| | ) | |
| | ) | (Post-Conviction Relief) |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE. | ) | |

FOR THE APPELLANT:

John T. Conners, III
Attorney at Law
P.O. Box 1451
Franklin, TN 37065-1451

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Daryl J. Brand
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William S. Johnson, III
District Attorney General
Washington Square, Suite 500
222 2nd Avenue, North
Nashville, TN 37201-1649

D. Paul DeWitt
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Avenue, North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# OPINION

The appellant, John Eric Johnson (petitioner), appeals as of right from a judgment of the trial court dismissing his action for post-conviction relief following an evidentiary hearing. The trial court found the petitioner received the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution. In this court, the petitioner contends the evidence contained in the record preponderates against the findings of fact made by the trial court as the evidence adduced at the evidentiary hearing established he was denied his constitutional right to the effective assistance of counsel in the trial court and the appellate court. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The petitioner was tried for first degree murder. The jury, as the trier of fact, convicted the petitioner of second degree murder on November 2, 1993. The trial court found the petitioner was a standard offender and imposed a Range I sentence consisting of confinement for twenty-five (25) years on December 16, 1993. He appealed his conviction and sentence to this court. A panel of this court affirmed both the conviction and sentence. State v. Johnson, 909 S.W.2d 461 (Tenn. Crim. App.), per. app. denied (Tenn. 1995).

This action for post-conviction relief was filed on August 18, 1995. The State of Tennessee filed an answer on September 28, 1995. An amended petition was filed by appointed counsel on January 5, 1996. A second amended petition was filed on January 30, 1996. The State of Tennessee filed an answer to the first and second amended petitions on March 19, 1996. An evidentiary hearing was held on April 2, 1996. The trial court filed its written findings of fact and conclusions of law on May 30, 1996.

## I.

When the trial court has conducted an evidentiary hearing to permit a petitioner to

ventilate the grounds raised in support of an action for post-conviction relief, the trial court's findings of fact are afforded the weight of a jury verdict. Dixon v. State, 934 S.W.2d 69, 71-72 (Tenn. Crim. App. 1996); Teague v. State, 772 S.W.2d 932, 933-34 (Tenn. Crim. App. 1988), cert. denied, 493 U.S. 874, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989). Consequently, this court is bound by the trial court's findings of fact unless the evidence adduced at the hearing preponderates against the trial court's findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), per. app. denied (Tenn. 1995).

There are several well-established rules which govern appellate review in post-conviction cases. As this court said in Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App.), per. app. denied (Tenn. 1990):

> First, this Court cannot reweigh or reevaluate the evidence; nor can we substitute our inferences for those drawn by the trial judge. Second, questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the trial judge, not this Court. Third, the appellant has the burden in this Court of illustrating why the evidence contained in the record preponderates against the judgment entered by the trial judge.

This court will now proceed to consider the merits of the petitioner's contentions. In doing so, this court will apply the aforementioned principles governing appellate review in post-conviction actions to determine whether the evidence adduced at the hearing preponderates against the trial court's findings of fact. See Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

## II.

The petitioner contends "the Trial Court erred in ruling that trial counsel and appellate counsel did not render ineffective assistance of counsel in violation of Amendments 6 and 14 of the federal constitution and in violation of Article I, Sections 8 and 9 of the state constitution." He argues trial counsel was deficient in the following particulars:

3

(1)   In failing to conduct an adequate investigation;

(2)   In failing to insist that the Defendant himself choose a defense theory and whether or not to testify;

(3)   In failing to choose a reasonable defense theory;

(4)   In advising the Defendant that the defense of self-defense and the defense that the shooting occurred under circumstances constituting only voluntary manslaughter could be developed in this case without the Defendant's own testimony;

(5)   In failing to advise the Defendant that the defense of self-defense and the defense that the shooting occurred under circumstances constituting only voluntary manslaughter, could not be developed in this case without the Defendant's testimony;

(6)   In advising the Defendant to not testify, after also advising the Defendant that the defense of self-defense and the defense that the shooting occurred under circumstances constituting only voluntary manslaughter, could be developed without the Defendant's testimony;

(7)   In advising the Defendant to not testify, but then neglecting to advise the Defendant that by not testifying, the defense of self-defense and the defense that the shooting occurred under circumstances constituting only voluntary manslaughter, could not be developed;

(8)   In failing to object at the sentencing hearing to the Trial Court's erroneous use of enhancement factor 13(C) of T.C.A. § 40-35-114, pertaining to a felony being committed while on probation for a felony.

The petitioner also contends "the Trial Court erred in ruling that the Defendant's waiver of his right to testify was not invalid in that it was not unknowing and unintelligent and therefore not violative of Amendments 5 and 14 of the federal constitution and in violation of Article I, Sections 8 and 9 of the state constitution."

**A.**

When the petitioner seeks to vitiate a conviction on the ground the attorney who represented him denied his constitutional right to the effective assistance of counsel, the petitioner must establish by a preponderance of the evidence (a) the services rendered or advice given by counsel fell below "the range of competence demanded of attorneys in

4

criminal cases," Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975) and (b) the unprofessional conduct of counsel enured to the prejudice of the petitioner. Williams v. State, 599 S.W.2d 276, 279 (Tenn. Crim. App.), per. app. denied (Tenn. 1980). The United States Supreme Court subsequently adopted this two-prong test in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Tennessee appellate court decisions following Strickland are legion.

This court's review is guided by certain well-established standards. First, the standard created in Baxter does not require perfect representation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Second, it is not the function of an appellate court to "second guess" trial counsel's tactical and strategic choices pertaining to matters of defense unless these choices were made without knowledge of the relevant facts or the law applicable to the issue. Hellard, 629 S.W.2d at 9; McBee v. State, 655 S.W.2d 191, 193 (Tenn. Crim. App.), per. app. denied (Tenn. 1983); see People v. Corona, 80 Cal. App.3d 684, 145 Cal. Rptr. 894 (1978). As the supreme court said in Hellard: "[T]he defense attorney's representation, when questioned, is not to be measured by '20-20 hindsight.'" 629 S.W.2d at 9. Third, an accused is not deprived of the effective assistance of counsel because a different procedure or strategy might have produced a different result. Williams, 599 S.W.2d at 279-80; Long v. State, 510 S.W.2d 83, 88 (Tenn. Crim. App.), cert. denied (Tenn. 1974).

**B.**

The petitioner contends he was denied his constitutional right to the effective assistance of counsel because counsel failed to properly investigate the facts of the case. He argues counsel did not visit the situs of the murder. This was important because it would have assisted in evaluating the believability of a theory of self-defense or a reduction in the offense to voluntary manslaughter.

The record establishes that counsel properly investigated the facts and circumstances surrounding the crime alleged in the indictment. Counsel was familiar with the crime scene. He had a diagram of the situs of the murder. He had obtained a copy of the

5

preliminary hearing tape.

Counsel had an investigator visit the scene to attempt to find witnesses. The investigator was a friend of the defendant's family. While individuals would talk to the investigator, they would not give their name or address. Every effort was made to establish the petitioner's innocence or have a jury find the petitioner guilty of a lesser included offense.

The problem facing defense counsel was not the investigation. It was testimony of the defendant's friend, Trotter, his brother-in-law, Crenshaw, and the petitioner's wife. These witnesses testified for the state. Trotter and Crenshaw testified they pleaded with the petitioner not to shoot the victim. They saw the petitioner shoot the victim. Moreover, the victim was unarmed. The petitioner's wife testified the petitioner was armed when he left his residence, and he admitted to her he had shot the man.

Finally, the credibility of the petitioner as a witness posed a serious problem. He gave a statement to the police that he was not present when the victim was shot. At trial, he wanted to contend he shot the victim in self-defense.

The trial court found defense counsel properly investigated the facts. The evidence contained in the record does not preponderate against the trial court's findings in this regard.

**C.**

The petitioner contends defense counsel should have insisted that he, the petitioner, choose the defense theory and whether he should testify in support of his defense. In substance, the petitioner argues he should have made all of these decisions on his own. He cites Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), in support of his argument.

The trial court found that defense counsel discussed with the petitioner possible defense theories, including self-defense, voluntary manslaughter, and discrediting the state's witnesses, primarily Trotter, Crenshaw, and the petitioner's wife. Counsel discussed the strengths and weaknesses of each defense theory, including how the petitioner's testimony would affect each theory. He explained to the defendant how the

6

statement he gave to the police to the effect he was not present when the victim was killed would reflect upon his credibility as a witness if he opted to testify he shot the victim in self-defense or in the heat of passion. The petitioner advised defense counsel he was the lawyer, he should make the decision, and present the defense accordingly. When the state rested, a decision was made that the petitioner would not testify.

The findings of the trial court are supported by the record. Therefore, the petitioner is not entitled to relief on this ground.

### D.

The petitioner contends defense counsel gave the defendant erroneous advice regarding his need to testify in support of his defense. The trial court found defense counsel discussed this very subject with the petitioner before and during the trial. The petitioner opted to permit counsel to make these decisions.

Defense counsel was able to develop numerous prior convictions and bad acts to impeach the state's main witnesses. He raised sufficient facts regarding self-defense and the trial court gave an instruction to the jury on this defense.

As previously stated, the petitioner was compromised as a witness. He gave a video-taped statement to the police that he was not at the scene when the killing occurred. It would be severely detrimental to the defense for the petitioner to testify he was at the scene, he acted in self-defense, or he shot the victim in the heat of passion because of the racial statements made by the victim. All of this was developed on cross-examination of state witnesses.

This court parenthetically notes the defendant does not cite any authority in support of this argument. Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b). Furthermore, there is no reference to the record in support of this issue. Tenn. R. App. P. 27(a)(7) and (g); Tenn. Ct. Crim. App. R. 10(b). Consequently, this issue has been waived. Nevertheless, this court has considered the issue and deems it is without merit.

The petitioner next contends the trial court erred in ruling that appellate counsel did not render the ineffective assistance of counsel in violation of Amendments 6 and 14 of the federal constitution and in violation of Article I, Sections 8 and 9 of the state constitution. He argues appellate counsel was deficient because he failed "to raise as an appellate issue the Trial Court's erroneous use of enhancement factor (13)(C) of T.C.A. § 40-35-114."

The trial court found that the record supported four enhancement factors and one mitigating factor. The court applied the following enhancement factors to enhance the petitioner's sentence within the appropriate range: (1) the petitioner had a previous history of criminal convictions and/or criminal behavior in addition to those convictions necessary to establish the appropriate sentencing range, Tenn. Code Ann. § 40-35-114(1); (2) the petitioner possessed and employed a firearm during the commission of the killing, Tenn. Code Ann. § 40-35-114(9); (3) the petitioner had no hesitation about committing a crime when the risk to human life was high, Tenn. Code Ann. § 40-35-114(10); and (4) the crime was committed while on probation for a previous felony. Tenn. Code Ann. § 40-35-114(13)(C). The court found one mitigating factor, i.e., the petitioner because of his youth lacked substantial judgment in killing the victim. Tenn. Code Ann. § 40-35-113(6).

Defense counsel raised two additional mitigating factors on appeal. It was contended the petitioner acted under strong provocation, Tenn. Code Ann. § 40-35-113(2); and the petitioner, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely a sustained intent to violate the law motivated his conduct. Tenn. Code Ann. § 40-35-113(11). This court rejected both of these mitigating factors.

This court agrees with the position advanced by the state. Assuming arguendo the trial court erroneously applied enhancement factor (13)(C) as the petitioner argues, the petitioner has failed to established how he was prejudiced. The fact a trial court erroneously uses an enhancement factor does not equate to the reduction of a sentence. See State v. Parker, 932 S.W.2d 945, 957 (Tenn. Crim. App.), per. app. denied (Tenn. 1996); State v. Williamson, 919 S.W.2d 69, 83 (Tenn. Crim. App. 1995); State v. Keel, 882

S.W.2d 410, 423 (Tenn. Crim. App.), per. app. denied, (Tenn. 1994).

This court parenthetically notes no authority, except the applicable code section, is cited to support the argument advanced in support of this issue. This constitutes a waiver of the issue. Tenn. R. App. P. 27(a)(7). Nor is there a citation of the record contained in the argument portion of the brief. Tenn. R. App. P. 27(a)(7) and (g); Tenn. Ct. Crim. App. R. 10(b). Moreover, there is no evidence contained in the record which supports this issue and the effect it may have had upon the trial court. Tenn. R. App. P. 24(b). Nevertheless, this court has considered the issue upon the merits.

This issue is without merit.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
WILLIAM M. BARKER, JUDGE


_____
JOE G. RILEY, JUDGE