IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



FILED

March 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| WESLEY BARNES, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9702-CR-00068 |
| | ) | |
| | ) | Hamilton County |
| v. | ) | |
| | ) | Honorable Douglas A. Meyer, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Ardena J. Garth
District Public Defender
   and
Richard Heinsman and
Donna Robinson Miller
Assistant Public Defenders
701 Cherry Street
Chattanooga, TN 37402
 (AT TRIAL)

Ardena J. Garth
District Public Defender
   and
Donna Robinson Miller
Assistant Public Defender
Suite 300
701 Cherry Street
Chattanooga, TN 37402
(ON APPEAL)

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Michael J. Fahey, II
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

William H. Cox
District Attorney General
        and
Leland Davis
Assistant District Attorney General
600 Market Street
Courts Building
Chattanooga, TN 37402

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Wesley Barnes, appeals as of right from the denial of his petition for post-conviction relief by the Hamilton County Criminal Court. He seeks relief from his conviction upon a guilty plea for attempt to commit aggravated arson resulting in an eight-year sentence. He claims that the trial court incorrectly found that he received the effective assistance of counsel. Particularly, the petitioner asserts that his trial attorney failed to investigate the case, intervened into negotiations without retained counsel's permission, pressured him into pleading guilty, and misadvised him that he was facing a life sentence on the original aggravated arson charge. We affirm the trial court.

This case presents a rather disjointed, incomplete picture of the circumstances surrounding the petitioner's guilty plea to attempt to commit aggravated arson. The record reflects that the petitioner was charged in separate cases for two offenses of selling cocaine and one offense of aggravated arson. Attorney Phil Floyd was originally appointed to represent the petitioner on the cocaine charges, and Arvin Reingold was originally retained on the aggravated arson charge.

The record reflects that the petitioner was convicted in a jury trial of the sale of cocaine in one case, receiving an eight-year sentence. He subsequently pled guilty in one hearing to the second cocaine sale and to attempted aggravated arson, receiving an eight-year sentence for each. At some point, he was also serving time on a federal sentence. The two cocaine cases were to run concurrently to each other, but the attempted aggravated arson case was to run consecutively, for an effective state sentence of sixteen years. The state sentences were to run concurrently with the federal sentence.

2

The gist of the petitioner's complaint is that Mr. Floyd, although not counsel of record, intervened in the aggravated arson case and got the petitioner to plead guilty even though Mr. Floyd knew nothing about the case, while the petitioner claimed that he was innocent. However, the post-conviction evidentiary hearing reveals little in support of the petitioner's claims.

Mr. Floyd's testimony reflects that he had no independent recollection of the case other than recognizing the petitioner and remembering the petitioner's name. He identified the appointment order for him to represent the petitioner in a cocaine case. He identified his signature on the petition to enter guilty pleas to the sale of cocaine and to the attempted aggravated arson. He also identified on the judgment of conviction for the attempted aggravated arson that Mr. Reingold's name was typed while his own was written after Mr. Reingold's. He testified that he would not touch another attorney's case, although he mentioned several ways another attorney could become involved, such as a defendant resolving multiple cases involving several attorneys.

Mr. Reingold testified that he represented the petitioner at the aggravated arson preliminary hearing but that the petitioner could not retain him for the drug cases. He recalled learning from either the petitioner or Mr. Floyd that appointed counsel was going to handle the pending cases because something was being worked out on them. Mr. Reingold did not recall formally withdrawing from representation, but he believed it to be understood that he had withdrawn. He did not remember whether he discussed any investigation of the arson case with Mr. Floyd. He recalled, though, that the petitioner asserted his innocence. Finally, he stated that if he had still been representing the petitioner at the time, he would have been at the guilty plea hearing.

3

Charles Baker testified that his mother's house was burned as the result of the arson and that his brother, German, said at the time that he saw the petitioner do it. He testified that he was aware that the petitioner had argued with German before the fire. Mr. Baker stated that he had learned on the streets that the petitioner did not do it and that he told German of this. However, German "wanted to believe what he saw." He provided German Baker's address to the court. Mr. Baker testified that about a year before the hearing, he heard a person named Lonnie admit to burning the house.

The petitioner testified that he retained Mr. Reingold for the arson case and that Mr. Floyd was appointed to the cocaine cases. He testified that he had been offered a misdemeanor conviction and a one-year sentence for the arson case, but he refused it because he was innocent. He indicated that he was unaware that he was pleading guilty to attempted aggravated arson, thinking that Mr. Reingold was going to handle it.

At this point in the hearing, the trial court stopped the testimony because the guilty plea hearing had not been transcribed. Subsequently, the petitioner failed to appear at two hearing dates, and the trial court dismissed the case. However, pursuant to agreement of the parties on appeal, this court remanded the case for further record development, including findings of fact and conclusions of law.

Upon remand, the petitioner added the claim that he was misadvised about his sentence exposure, noting that the guilty plea petition had a maximum sentence of life imprisonment, instead of twenty-five years which was applicable to the Range I, Class A felony of aggravated arson. However, no further testimony from the petitioner or other witnesses was presented.

The transcript of the guilty plea hearing reflects that the petitioner was advised of his rights and made aware that he was pleading guilty to attempted aggravated arson pursuant to a plea agreement. The petitioner said that he understood what was going on and that he did not want a jury trial. He said that he agreed to the punishment of sixteen years that would run concurrently with his federal time of fifty-one months.

The trial court found that the petitioner's claim that the state could not make a case against him was not persuasive. It noted that the petitioner did not present German Baker as a witness, but called Charles Baker, whose testimony the trial court found unconvincing.

As for counsel, the trial court found that the petitioner acquiesced in Mr. Floyd's representation in the negotiation and plea in the attempted aggravated arson case. It stated that Mr. Floyd worked out a good deal for the petitioner and that it was in the petitioner's best interest to accept the state's offer. It concluded that Mr. Floyd provided the effective assistance of counsel.

If a petitioner seeks to vacate a conviction based upon his guilty plea on the ground that the plea resulted from the ineffective assistance of counsel, the petitioner must show (1) that his attorney rendered deficient representation and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985). Under the law controlling in this case, the burden rested on the petitioner to prove his allegations by a preponderance of the evidence. Long v. State, 510 S.W.2d 83, 86 (Tenn. 1982). On appeal, the findings of fact of the trial court are conclusive unless the evidence preponderates against them. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

5

The central failure of the petitioner in this case is that he submitted no credible evidence that he would have withdrawn his guilty plea and proceeded to trial on the aggravated arson case. Although he intimated that he was unaware that he was pleading guilty in the arson case, the transcript of the guilty plea hearing conclusively reflects otherwise. As for his claim that he was misadvised as to his maximum exposure, the petitioner did not testify that it had any effect upon his decision to plead guilty. Similarly, although the petitioner professed his innocence on the arson charge, the record supports the trial court's determination that the state had an eyewitness who claimed to have seen him commit the offense.

Although we note that the record is devoid of any evidence that Mr. Floyd investigated the arson, there is also no evidence that such affected the petitioner's guilty plea. Rather, the guilty plea transcript indicates that the petitioner was interested in resolving all his cases and proceeding with serving his time.

We conclude that the record does not preponderate against the trial court's findings of fact and determination of the case. The judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Gary R. Wade, Judge


_____
William M. Barker, Judge

6