IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 7, 2014

## RICHARD PRICE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 07-06939     W. Otis Higgs, Jr., Judge**

_____

**No. W2012-02192-CCA-R3-PC  - Filed April 16, 2014**

_____

The Petitioner, Richard Price, appeals as of right from the Shelby County Criminal Court's dismissal of his petition for post-conviction relief. The Petitioner contends that his trial counsel was ineffective (1) for failing to communicate a plea offer from the State; and (2) for failing to request a curative jury instruction after a police officer testified that he "attempted to talk to" the Petitioner about the offense. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

James E. Thomas, Memphis, Tennessee, for the appellant, Richard Price.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and David Michael Zak, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

In 2008, the Petitioner was convicted of aggravated robbery, see Tenn. Code Ann. § 39-13-402, and sentenced to twenty years as a Range II, multiple offender. The evidence at trial established that the Petitioner feigned ordering from a Wendy's drive-thru in order to rob the cashier at the service window. The Petitioner pointed a gun at the cashier and demanded "all the money." The cashier was able to identify the Petitioner out of photographic line-up and later identified him at trial. The Petitioner's car also matched the

cashier's description of the car driven by the robber. State v. Richard Price, No. W2008-02590-CCA-R3-CD, 2009 WL 2767161, at *1-2 (Tenn. Crim. App. Sept. 1, 2009), reh'g denied, (Mar. 29, 2010). This court affirmed the Petitioner's conviction and sentence on direct appeal. Id.

The Petitioner filed a timely pro se petition for post-conviction relief, as well as two pro se amended petitions, alleging numerous instances of ineffective assistance of trial counsel. The post-conviction court appointed counsel to represent the Petitioner in this matter, and an amended petition was filed. The amended petition incorporated the Petitioner's pro se petitions by reference but focused on the allegations that trial counsel failed to request a curative jury instruction after a police officer testified that he "attempted to talk to" the Petitioner about the offense and that trial counsel "failed to properly investigate and prepare the case for trial."

With respect to the Petitioner's claim regarding the curative instruction, at trial, a police officer was asked if he interviewed anyone other than the victim during his investigation. The officer responded that he interviewed the victim and the Petitioner's girlfriend and that he "attempted to talk to the [Petitioner]." Price, 2009 WL 2767161, at *3. Trial counsel "immediately asked for a bench conference and requested a mistrial." Id. The trial court denied the mistrial but offered to give a curative instruction to the jury instead. Trial counsel declined to have the curative instruction given, stating that "bringing attention to it would make it worse." Id. On direct appeal, this court affirmed the trial court's decision not to grant the Petitioner's motion for a mistrial. Id. at *3-4.

At the post-conviction hearing, trial counsel testified that had practiced law for over twenty-five years and had tried over one hundred jury trials. Trial counsel recalled that he reviewed the discovery materials as well as the range of punishment and potential sentences with the Petitioner. Trial counsel testified that the State initially offered the Petitioner a ten-year sentence but that he was able to negotiate the offer down to eight years. Trial counsel further testified that he was "positively sure" he communicated the State's eight-year offer to the Petitioner and that he was "quite certain" that he spoke with the Petitioner about it "on more than one occasion."

With respect to the curative instruction, trial counsel testified that he "considered the instruction" but "thought it was probably best to leave it alone." Trial counsel explained that the instruction "would just further emphasize the fact" that his client did not want to talk to the police officer. Trial counsel continued that he thought the instruction would have given the officer's testimony "greater importance" and "would have done as much harm as the testimony itself." Trial counsel concluded that if he "had to do it all over again, [he] would have made the same decision."

The Petitioner testified that he received a copy of his discovery materials but that trial counsel never reviewed them with him. The Petitioner further claimed that he and trial counsel never had any discussions regarding the strategy for trial or what his potential range of punishment was. The Petitioner testified that trial counsel presented him with the State's ten-year offer but never communicated the eight-year offer to him. The Petitioner insisted that he would have accepted the eight-year offer. The Petitioner also testified that he was unaware that trial counsel rejected the trial court's offer of a curative instruction regarding the officer's testimony. On cross-examination, the Petitioner claimed that he was innocent but insisted that he would have accepted the eight-year plea offer. The Petitioner also admitted that he actually did review the discovery materials with trial counsel.

The post-conviction court entered a written order dismissing the Petitioner's petition for post-conviction relief.[1] The post-conviction court's order focused on the Petitioner's claim concerning the curative instruction. The post-conviction court found that trial counsel's "decision to pass on the curative instruction" was "one of strategy" and that it "was constitutionally acceptable." The post-conviction court also found that there was no evidence that the Petitioner was prejudiced by trial counsel's action "given the other evidence in this case." The post-conviction court further found that the Petitioner's "remaining claims raised in the pro se petition [were] without merit and also denied."

ANALYSIS

The Petitioner contends that the post-conviction court erred in dismissing his petition for post-conviction relief. The Petitioner argues that the post-conviction court made no findings of fact or conclusions of law regarding his claim that trial counsel failed to communicate the State's eight-year offer and that the evidence supported the claim. The Petitioner also argues that trial counsel's decision not to request the curative jury instruction was not a reasonable tactical decision and prejudiced him. The State responds that the trial court implicitly accredited trial counsel's testimony over the Petitioner's in its "general denial of the petition." The State further responds that trial counsel's decision regarding the curative instruction was a reasonable tactical decision and did not prejudice the Petitioner.

*I. Standard of Review*

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009).

_____

[1]The Petitioner's pro se petition raised several other issues. However, the Petitioner has not raised those issues in his appellate brief; therefore, he has waived review of those issues in this court.

On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

## II. Failure to Communicate Plea Offer

The post-conviction court made no findings of fact or conclusions of law with respect to the Petitioner's claim that trial counsel failed to communicate to him the State's eight-year offer. However, this ground was not raised in the original petition for post-conviction relief or in any of the amended petitions. It has long been held that a post-conviction petitioner may not raise grounds on appeal that were not alleged in the petition for post-conviction relief. See Long v. State, 510 S.W.2d 83, 85 (Tenn. Crim. App. 1974). Accordingly, we conclude that the Petitioner has waived our review of this issue.

## III. Curative Jury Instruction

In determining whether trial counsel's performance was deficient, this court has held that a "petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings." Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). "[D]eference to tactical choices only applies if the choices are informed ones based upon adequate preparation." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). An attorney's performance must be measured against the general standard of whether the services rendered were "within the range of competence

demanded of attorneys in criminal cases." <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975).

Here, trial counsel testified that he made a tactical decision not to accept the trial court's offer for a curative jury instruction because he felt the instruction "would just further emphasize the fact" that his client did not want to talk to the police officer and possibly give "greater importance" to the officer's testimony. As noted in this court's direct appeal opinion, the officer's testimony did not explain "when or why" he attempted to talk to the Petitioner and his answer could have meant that he simply was unable to locate the Petitioner, rather than implicating the Petitioner's right to remain silent. <u>Price</u>, 2009 WL 2767161, at *4. As such, trial counsel's decision was a reasonable and informed tactical decision that we will not second-guess. Furthermore, given the overwhelming evidence of the Petitioner's guilt, there is no evidence the Petitioner was prejudiced by trial counsel's decision. Accordingly, we affirm the findings of the post-conviction court in this regard.

<u>CONCLUSION</u>

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE