IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 25, 2017 at Knoxville

## STATE OF TENNESSEE v. DONALD RAGLAND

**Appeal from the Criminal Court for Shelby County**
**No. 06-06182          W. Mark Ward, Judge**

_____

### No. W2017-00464-CCA-R3-CD

_____

The Defendant, Donald Ragland, appeals the trial court's summary dismissal of his motion to correct a clerical error pursuant to Tennessee Rule of Criminal Procedure 36. The Defendant has failed to present an appropriate argument under Rule 36; therefore, we affirm the summary dismissal pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., J., joined. J. ROSS DYER, J., not participating.

Donald Ragland, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Gregory Gilbert, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Defendant is currently serving a life sentence for the first degree premeditated murder of LaAunzae Grady. The underlying facts leading to his conviction and sentence are detailed in this court's opinion on direct appeal. *State v. Donald Ragland*, No. W2008-02065-CCA-R3-CD, 2009 WL 4825182, at *1-7 (Tenn. Crim. App. Dec. 15, 2009), *perm. app. denied* (Tenn. May 11, 2010). Subsequent to the denial of his direct appeal, the Defendant filed for post-conviction relief. After a hearing, the post-

conviction court denied relief, and the denial was upheld on appeal. *Donald Ragland v. State*, No. W2012-00743-CCA-R3PC, 2013 WL 967769, at \*1 (Tenn. Crim. App. Mar. 8, 2013), *perm. app. denied* (Tenn. July 12, 2013). The Defendant then filed a "Motion to Reconsider Relief from Judgment," which was also denied by the trial court. Absent jurisdiction, this court dismissed the Defendant's subsequent appeal from the denial of his motion. *Donald Ragland v. State*, No. W2013-02778-CCA-R3-PC, 2014 WL 6203884, at \*8-10 (Tenn. Crim. App. Nov. 10, 2014).

On January 24, 2017, the Defendant filed a pro se "Motion for Correction of Clerical Mistake-Error" which forms the basis of this appeal. In his motion, the Defendant alleged five "clerical" mistakes, including: (1) "[t]he record does not establish that the magistrate's passing on the 48-hour hold form was a true [j]udicial determination of probable cause;" (2) information establishing probable cause for his arrest was omitted and/or the information contained in the arrest warrant was false, rendering his arrest and the evidence resulting from his arrest illegal; (3) the record for his direct appeal does not contain a motion in limine granted by the trial court on his behalf; (4) the Defendant was not afforded an opportunity to cross-examine, at trial or evidentiary hearing, the "witnesses that provided information to the police that establishe[d] probable cause for [his] arrest/seizure/48hr detention hold 12/12/05"; and (5) the record is absent of "the trial court['s] factual findings that collaborate the [Defendant's] pre-trial statement alleging a 5 or 6 man gang conspiracy to kill the victim." The trial court dismissed the motion, concluding, "The motion, even if taken as true, does not state a claim for correction of a clerical mistake. It is nothing more than an attempt to relitigate his previous direct appeal and post-conviction." This appeal followed.

The Defendant filed his motion under Rule 36 of the Tennessee Rules of Criminal Procedure. "The ambit of Rule 36 of the Tennessee Rules of Criminal Procedure is the correction of clerical mistakes in judgments, orders, or the record." *State v. Douglas Zweig*, No. W2015-00449-CCA-R3-CD, 2015 WL 7752284, at \*1 (Tenn. Crim. App. Nov. 30, 2015), *perm. app. denied* (Tenn. Mar. 23, 2016); Tenn. R. Crim. P. 36. This court reviews the trial court's ruling on a Rule 36 motion for clerical errors for an abuse of discretion. *Id.* at \*1.

The crux of the Defendant's arguments on appeal rests upon his assertion that the arrest warrant giving rise to his conviction lacked probable cause, which he claims is a clerical error. Further, the Defendant argues "specific information," as alleged in his motion, is omitted from the record which is "crucial to the findings of guilt for [f]irst [d]egree murder." The Defendant suggests that "the evidence in [the] record may preponderate against the findings of fact underlying the trial court['s] conclusion that the police had probable cause to believe [he] was guilty of the crime charged[.]" Finally, the Defendant asserts "a matter of misapplication of the law" occurred on direct appeal when

this court upheld the trial court's finding that sufficient probable cause existed to support the Defendant's arrest which led to his conviction. We, however, disagree.

Upon our review of the record, it is evident the Defendant is attempting to characterize the alleged omissions in his arrest warrant as a clerical error in an effort to show the police lacked probable cause for his arrest which gave rise to his conviction. However, it is well-settled that issues "decided and disposed of in a direct appeal" cannot be relitigated in habeas corpus or post-conviction proceedings. *Long v. State*, 510 S.W.2d 83, 87 (Tenn. Crim. App. 1974) (internal citations omitted). This rule of law must be applied to the Defendant's present arguments, as "[i]ndescribable chaos in the administration of criminal justice surely would be the inevitable consequence of a contrary ruling permitting convict[ed] persons to raise repeatedly and without limitation questions previously and finally adjudicated adversely to their contentions." *Id.*

On direct appeal, this court specifically addressed the trial court's probable cause determination in the context of the denial of the Defendant's motion to suppress his statement made upon arrest, concluding that "the police had probable cause to believe the Defendant had killed the victim." *Donald Ragland*, 2009 WL 4825182, at *8. Thus, this court has previously determined probable cause existed in the Defendant's case. As noted by the State, the trial court "correctly determined that the [D]efendant is trying to relitigate a Fourth Amendment issue in the guise of a motion to correct clerical error." Accordingly, the Defendant has clearly failed to present a clerical error for our review. The Defendant's arguments are without merit under Rule 36, and he is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE