IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1998 SESSION



**FILED**

**March 30, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| JIMMY DALE HIGH, | ) | |
| | ) | |
| APPELLANT, | ) | |
| | ) | No. 02-C-01-9702-CR-00069 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable W. Fred Axley, Judge |
| | ) | |
| | ) | (Post-Conviction Relief) |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE. | ) | |

FOR THE APPELLANT:

R. Price Harris
Attorney at Law
3074 East Street
Memphis, TN 38128

FOR THE APPELLEE

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0497

Deborah A. Tullis
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

C. Alonda Horne
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Jimmy Dale High (petitioner), appeals as of right from a judgment of the trial court dismissing his post-conviction action after an evidentiary hearing. Three issues are presented for review. The petitioner contends (a) he was denied his constitutional right to the effective assistance of counsel, (b) certain omissions occurred during his trial which entitle him to relief, and (c) the trial court failed to address certain grounds raised during the evidentiary hearing. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

## I.

### PRIOR PROCEEDINGS

The petitioner was tried and convicted of robbery by a jury of his peers. He was sentenced to serve fourteen (14) years in the Department of Correction. He subsequently appealed his conviction and sentence as of right. This court affirmed the judgment of the trial court. State v. Jimmy Dale High, Shelby County No. 02-C-01-9312-CR-00275, 1994 WL 553282 (Tenn. Crim. App., Jackson, October 12, 1994). The mandate was issued on February 15, 1995.

This action was filed on February 2, 1995. Counsel was appointed to represent the petitioner on March 6, 1995. An amended petition was prepared and filed by counsel on August 11, 1995. Present counsel was substituted as counsel of record on May 16, 1996.

An evidentiary hearing was conducted on August 8, 1996. The trial court filed its findings of facts and conclusions of law on September 11, 1996.

## II.

### STANDARD OF REVIEW

When the trial court has conducted an evidentiary hearing to permit a petitioner to

ventilate the grounds raised in support of an action for post-conviction relief, the trial court's findings of fact are afforded the weight of a jury verdict. Dixon v. State, 934 S.W.2d 69, 71-72 (Tenn. Crim. App. 1996); Teague v. State, 772 S.W.2d 932, 933-34 (Tenn. Crim. App. 1988), cert. denied, 493 U.S. 874, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989). Consequently, this court is bound by the trial court's findings of fact unless the evidence adduced at the hearing preponderates against the trial court's findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), per. app. denied (Tenn. 1995).

There are several well-established rules which govern appellate review in post-conviction cases. As this court said in Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App.), per. app. denied (Tenn. 1990):

> First, this Court cannot reweigh or reevaluate the evidence; nor can we substitute our inferences for those drawn by the trial judge. Second, questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the trial judge, not this Court. Third, the appellant has the burden in this Court of illustrating why the evidence contained in the record preponderates against the judgment entered by the trial judge.

This court will now proceed to consider the merits of the petitioner's contentions. In doing so, this court will apply the aforementioned principles governing appellate review in post-conviction actions to determine whether the evidence adduced at the hearing preponderates against the trial court's findings of fact. See Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

### III.

### INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends the evidence preponderates against the trial court's findings of fact that he was afforded his constitutional right to the effective assistance of counsel. He argues the evidence adduced at the evidentiary hearing establishes trial counsel failed to (a) properly investigate the case and file appropriate motions, (b) conduct a Morgan

3

hearing, (c) object to the testimony of Henry S. Baker, a co-defendant, when Baker stated on direct examination the petitioner had been an inmate at the Shelby County Correctional Center, (d) vigorously cross-examine Baker, (e) request the trial court to charge the range of punishment and the lesser included offenses supported by the evidence, and (f) object to the uncorroborated testimony given by Baker.

## A.

When the petitioner seeks to vitiate a conviction on the ground he was denied his constitutional right to the effective assistance of counsel, the petitioner must establish by a preponderance of the evidence (a) the services rendered or advice given by counsel fell below "the range of competence demanded of attorneys in criminal cases," Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975) and (b) the unprofessional conduct of counsel enured to the prejudice of the petitioner. Williams v. State, 599 S.W.2d 276, 279 (Tenn. Crim. App.), per. app. denied (Tenn. 1980). The United States Supreme Court subsequently adopted this two-prong test in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Tennessee appellate court decisions following Strickland are legion.

This court's review is guided by certain well-established standards. First, the standard created in Baxter does not require perfect representation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Second, it is not the function of an appellate court to "second guess" trial counsel's tactical and strategic choices pertaining to matters of defense unless these choices were made without knowledge of the relevant facts or the law applicable to the issue. Hellard, 629 S.W.2d at 9; McBee v. State, 655 S.W.2d 191, 193 (Tenn. Crim. App.), per. app. denied (Tenn. 1983); see People v. Corona, 80 Cal. App.3d 684, 145 Cal. Rptr. 894 (1978). As the supreme court said in Hellard: "[T]he defense attorney's representation, when questioned, is not to be measured by '20-20 hindsight.'" 629 S.W.2d at 9. Third, an accused is not deprived of the effective assistance of counsel because a different procedure or strategy might have produced a different result. Williams, 599 S.W.2d at 279-80; Long v. State, 510 S.W.2d 83, 88 (Tenn. Crim. App.), cert. denied

4

(Tenn. 1974).

## B.

The petitioner asserts counsel was ineffective because he failed to perform the acts hereinabove set forth. The testimony of the petitioner and counsel conflict regarding these assertions. Moreover, the petitioner has failed to establish he was prejudiced assuming arguendo his assertions are accurate. Thus, the evidence contained in the record does not preponderate against the trial court's findings of fact. Butler, 789 S.W.2d at 899; Adkins, 911 S.W.2d at 347.

## (1)

The petitioner asserts counsel failed to visit him in the jail a sufficient number of times, failed to talk to him on the telephone, failed to conduct proper discovery, failed to talk to potential witnesses, and failed to file sufficient motions. This court will address each of these assertions.

The petitioner testified trial counsel came to see him in the jail on two occasions. Both of these occasions were shortly before the trial was to commence. Counsel testified he went to see the petitioner on three or four separate occasions. The petitioner testified counsel would not talk to him on the telephone and he would disconnect his calls or hang up the receiver while talking to him. Counsel testified the petitioner would call him every time he had telephone privileges. He would call counsel between 8:00 A.M. and 9:00 A.M. practically every morning and on Sundays. Counsel stated he never refused to talk with the petitioner. However, counsel admitted on rare occasions it was possible the petitioner may have been accidentally disconnected or counsel may have inadvertently failed to take the call. According to counsel, the employees who answered the telephone in his office were instructed not to inquire who was calling. Thus, counsel never knew who was calling him until he answered the telephone.

The record establishes trial counsel went to the District Attorney General's Office and read their entire file on the petitioner. Later, he returned and obtained copies of

5

certain documents. He took these documents to the jail and permitted the petitioner to review them. The petitioner admitted he saw his statement, Baker's statement, a list of the petitioner's convictions the state intended to use to impeach him if he opted to testify in support of his defense, and a list of the petitioner's prior convictions the state intended to use to enhance his sentence. Counsel also discussed with the petitioner the evidence the state would introduce if he went to trial. In addition, trial counsel advised the petitioner Baker was going to "dump on him," meaning testify as a prosecution witness, if he went to trial.

The petitioner gave trial counsel the names of three witnesses, and he told trial counsel what each witness would say if called as a witness. Counsel told the petitioner the testimony would not be admissible as evidence. The petitioner admitted trial counsel talked with a drug counselor at the Shelby County Correctional Center, who was one of the witnesses named by the petitioner. Counsel talked to the remaining two witnesses prior to trial. These interviews confirmed trial counsel's initial conclusion that the testimony of the witnesses would not be admissible. One of the witnesses appeared at the trial "half-high." The petitioner agreed to release this witness.

The petitioner did not call these witnesses during the evidentiary hearing. Assuming arguendo trial counsel fell below the standard expected of counsel in criminal prosecutions, Baxter v. Rose, supra, the petitioner has failed to establish prejudice by not producing the witnesses at the evidentiary hearing. Black, 794 S.W.2d at 757-58.

The petitioner asserts counsel failed to file appropriate motions. However, the petitioner has failed to (a) establish the motions trial counsel should have filed and (b) show how he was prejudiced by the failure of counsel to file these motions.

In summary, the petitioner has failed to establish trial counsel's representation fell below the standard established in Baxter v. Rose, supra. Also, the petitioner has failed to establish how he was prejudiced. Strickland v. Washington, supra.


**(2)**


The petitioner asserts trial counsel was ineffective because he failed to conduct a

6

Morgan hearing. Trial counsel advised the trial court he wanted a Morgan hearing before he cross-examined Baker. While both the assistant district attorney general and the trial court advised counsel a Morgan hearing was to determine the admissibility of an accused's prior convictions, the trial court told counsel he would conduct the hearing. Counsel then advised the court such a hearing would not be necessary. This court must assume this is the hearing which the petitioner has raised in his petition.

The assistant district attorney general asked Baker about his prior convictions during a jury-out hearing. He told Baker trial counsel would question him about his prior convictions. The assistant district attorney general elicited all of Baker's prior convictions during direct examination. Trial counsel also questioned Baker about these same prior convictions. Neither counsel objected to the admissibility of these convictions.

In summary, a Morgan hearing, or any hearing of a like or similar nature, was not necessary in this case. The assistant district attorney general stipulated to the prior convictions and asked Baker about these convictions. Defense counsel was permitted to ask similar questions during cross-examination. Thus, the petitioner has failed to establish either that trial counsel fell below the Baxter v. Rose standard or the petitioner was prejudiced in this regard.

**(3)**

The petitioner asserts trial counsel failed to object to Baker's testimony as it related to the petitioner's "prior criminal history or status at the time" of the robbery. The record reflects the petitioner and Baker were inmates at the Shelby County Correctional Center. During a work detail, the petitioner and Baker escaped. They committed the robbery of a convenience store a few days later. Baker stated on direct examination:

Q. You know Jimmy Dale High, is that correct?

A. Yes, sir.

Q. Okay. I believe back in 1991 you-all escaped from the penal farm together; is that correct?

A. Yes, sir.

Q. Would you tell the jury about your escape and what you-all did as far the Circle K robbery on 1440 Getwell?

7

> A. When we escaped from the -- walked off from the Mid-America Mall on work call, it was a lot of things that happened up to a point. It was at one point, as far as the robbery goes, we was in a truck.

Trial counsel was not ineffective because he failed to object to this testimony. This evidence was admissible to establish why the petitioner and Baker were together when they committed the robbery of the convenience store; the evidence was therefore relevant to establish a material fact. See State v. Adkisson, 899 S.W.2d 626, 646 (Tenn. Crim. App. 1994). Moreover, if this issue had been considered on direct appeal, it would have been categorized as harmless error given the wealth of evidence establishing the petitioner's guilt. Tenn. R. App. P. 36(b).

## (4)

The defendant asserts counsel was ineffective because he failed to vigorously cross-examine Henry S. Baker, the accomplice. He refers to counsel's cross-examination as "inadequate and lackadaisical." This court has read the testimony of Henry S. Baker. The record reveals the cross-examination of Baker was thorough, penetrating, and complete.

Trial counsel questioned Baker at length. He established numerous conflicts between Baker's trial testimony and the statement he gave to the police after his arrest. He questioned Baker regarding his prior convictions. In addition, counsel used Baker's testimony to mitigate the petitioner's involvement in the robbery. The cross-examination was methodical, and it is obvious trial counsel was well prepared to cross-examine Baker.

## (5)

The defendant asserts trial counsel was ineffective because he did not pursue the convicting trial court's failure to charge the lesser included offense of theft under $500. The petitioner failed to establish what trial counsel could have done to pursue this matter.

Baker had told the police he did not have a weapon, he did not intimate he had a

8

weapon, and he did not coerce the victim. The amount taken was $28. Of course, Baker's trial testimony established he placed his hand in his back pocket, and he told the victim he did in fact have a weapon.

Trial counsel moved the trial court to instruct the jury on theft under $500 based upon his cross-examination of Baker. The trial court refused to give the instruction. This issue was litigated in the petitioner's appeal as of right.

In summary, trial counsel protected the record regarding this instruction, and it was raised on appeal. This court held such an instruction was not warranted. Counsel certainly could not coerce or compel either the trial court or the appellate court to grant him relief on this issue.

**(6)**

The petitioner asserts counsel was ineffective because he failed to object to the uncorroborated testimony of Henry S. Baker, an accomplice of the petitioner. He has failed to establish a valid basis for objecting to this testimony.

This court seriously doubts trial counsel could initially object to Baker's testimony. Baker was a competent witness, he had firsthand knowledge of the events in controversy, and his testimony was both material and relevant to the crime. If the state failed to corroborate Baker's testimony, trial counsel could have moved to strike Baker's testimony, or, in the alternative, moved the trial court for the entry of a judgment of acquittal on the ground the only testimony connecting the petitioner to the robbery was Baker's uncorroborated testimony.

While this court agrees Baker was an accomplice of the petitioner as a matter of law, and the trial court should have given an instruction on the need to corroborate the testimony of an accomplice, this record is insufficient to determine whether such an instruction was given to the jury. The charge of the trial court is not included in the record transmitted to this court. Tenn. R. App. P. 24(b). In any event, the record establishes Baker's testimony was corroborated. The petitioner's statement to the police was introduced into evidence. This statement established the petitioner was with Baker when the robbery occurred. Otherwise, the petitioner's statement was exculpatory.

9

# IV.

## CONVICTING TRIAL COURT OMISSIONS

The petitioner contends the trial court committed egregious error which resulted in his conviction. He alleges the court (a) gave an inadequate charge to the jury because the charge did not include certain lesser included offenses raised by the evidence, (b) allowed the uncorroborated testimony of Baker to be disseminated to the jury, and (c) failed to include a constitutional reasonable doubt instruction in the charge given to the jury.

These grounds have either been previously determined or waived. Tenn. Code Ann. § 40-30-112 (repealed 1995). A ground has been previously determined when "a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Tenn. Code Ann. § 40-30-112(a)(1990) (repealed 1995).

As to waiver, the applicable statute, Tenn. Code Ann. § 40-30-112(b)(1) and (b)(2) states:

> A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.
>
> There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived.

These grounds could have been raised during the trial and on appeal. Moreover, the petitioner did not offer any proof to rebut the waiver of these issues.

This court views this issue as an attempt to obtain appellate review of these grounds. It has long been established in this jurisdiction that a post-conviction proceeding cannot be used as a substitute for an appeal. Swanson v. State, 749 S.W.2d 731, 733 (Tenn. 1988); State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987); Rhoden v. State, 816 S.W.2d 56, 63 (Tenn. Crim. App.), per. app. denied (Tenn. 1991).

This issue is without merit.

# V.

## POST-CONVICTION TRIAL COURT OMISSIONS

The petitioner contends the post-conviction trial court failed to rule on all issues he

raised at the evidentiary hearing. He argues the court failed to address paragraphs B through E contained in his petition, and the court further failed to determine the merits of "the oral amendments" made during the evidentiary hearing.

The evidentiary hearing transcript reveals petitioner's counsel stated:

> And I'd like to also -- we'll amend that it is time to include or to broaden that to include that we are requesting instruction from the Court as to lesser pleaded offenses. It may have been clearer, for example, facilitation to commit a felony.

The petitioner does not cite the page or pages where paragraphs B through E are located in the record. See Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b). Thus, this court must assume the petitioner makes reference to the following grounds contained in the pro se petition: (a) "instruct the jury as to accomplice testimony," (b) allowing "uncorroborated accomplice testimony to be used to convict the petitioner," (c) "properly instruct the jury as to the corroboration rule of an accomplice's testimony," and (d) his "rights to due process were violated when the jury was not informed of the plea deal of the co-defendant."

## A.

The law applicable to the proceedings in this case provides that post-conviction actions were commenced by the filing of a "written petition with the clerk of the court where the conviction occurred." Tenn. Code Ann. § 40-30-103(a)(1990) (repealed 1995). The petitioner was entitled to amend the petition. Tenn. Code Ann. § 40-30-107(1990) (repealed 1995). While the statute does not state the amended petition must be in written form, the statute by implication requires the amended petition to be in written form because the statute states the petitioner is to "file" the amended petition with the clerk. Tenn. Code Ann. § 40-30-107(1990) (repealed 1995). This statute relates back to the statute requiring the filing of a written petition.

In this case, the initial petition was filed on February 2, 1995. The first attorney was appointed to represent the petitioner on March 6, 1995. Counsel filed an amended petition on August 11, 1995. Present counsel was substituted as counsel of record on May 16, 1996. The evidentiary hearing was held on August 6, 1996. Thus, the petitioner had

11

eighteen months to amend his petition. Present counsel had almost three months to further amend the petition.

The record does not reflect a motion and/or order pertaining to an amendment. Nor did the petitioner make an oral motion which specifically requested permission to amend the petition. Furthermore, the petitioner did not file a written amendment during or after the evidentiary hearing.

In summary, the petitioner had ample time to amend his petition in written form. This court will not consider any issue raised by an oral amendment unless the trial court specifically states on the face of the record it is permissible.

**B.**

This court will now address whether paragraphs B through E of the petition were adequately addressed by the trial court.

**(1)**

The ground predicated upon the failure to instruct the jury has been raised in the context of the trial court's effectiveness within the meaning of the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution. This issue has also been raised in the context of the trial court's "allowance of uncorroborated testimony of the co-defendant to be disseminated to the jury."

This ground has been waived. Tenn. Code Ann. § 40-30-112(b)(1) and (b)(2) (1990) (repealed 1995). The petitioner has failed to offer evidence rebutting the presumption of waiver. Also, a post-conviction action cannot be used as a substitute for an appeal. Swanson, 749 S.W.2d at 733; McClintock, 732 S.W.2d at 272; Rhoden, 816 S.W.2d at 63.

**(2)**

The petitioner asserts the post-conviction court failed to consider the convicting trial

12

court's allowance of "uncorroborated accomplice testimony to be used to convict the petitioner." This issue has been previously discussed in this opinion.

Again, this issue has been waived. Tenn. Code Ann. § 40-30-112(b)(1) and (b)(2) (1990) (repealed 1995). The petitioner failed to offer evidence to rebut the presumption of waiver. Furthermore, this proceeding cannot be used as a substitute for an appeal. Swanson, 749 S.W.2d at 733; McClintock, 732 S.W.2d at 272; Rhoden, 816 S.W.2d at 63.

**(3)**

The petitioner asserts the post-conviction court failed to consider the error of the convicting trial court in omitting an instruction regarding the necessity of corroborating the testimony of an accomplice. This ground has been discussed previously.

As this court previously noted, the record is insufficient to permit a review of this issue. The trial court's charge has not been included in the record transmitted to this court. Tenn. R. App. P. 24(b).

If the charge had been included in the record, this court would not consider this ground. It has been waived. Tenn. Code Ann. § 40-30-112(b)(1) and (b)(2) (1990) (repealed 1995). The petitioner has offered no evidence to rebut the presumption of waiver. Also, a post-conviction action cannot be used as a substitute for an appeal. Swanson, 749 S.W.2d at 733; McClintock, 732 S.W.2d at 272; Rhoden, 816 S.W.2d at 63.

**(4)**

The petitioner asserts he was denied due process of law because "the jury was not informed of the plea deal of the co-defendant," Henry S. Baker. The petitioner established the plea agreement ultimately reached between the state and Baker. However, the record is devoid of evidence as to when the agreement was reached.

13

During trial counsel's cross-examination of Baker, the following colloquy occurred:

Q. Now, Mr. Craft asked you if you've been offered any deals or pleas or whatever in connection with this matter, did he not?

A. Yes, sir, he did.

Q. And I believe he asked you, other than something in exchange for your testimony, other than something that's already been offered to you right? Did he ask you that?

A. Yes, sir.

Q. You've been made an offer to plead guilty in this case, have you not?

A. Yes, sir.

Q. Sir?

A. Yes, sir.

Q. How much time were you offered to plead guilty in this cause?

A. Six years.

As can be seen from the foregoing colloquy, the offer made by the state to Baker was before the trial court and the jury. Of course, the trial court could have rejected the plea agreement: Whether Baker should have been released on probation or under the Community Corrections Act rested within the sound discretion of the trial court.

This issue is without merit.

_____

JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____

JOHN H. PEAY, JUDGE


_____

THOMAS T. WOODALL, JUDGE

14