IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 5, 2008

**BOBBY LEE v. STEPHEN DOTSON, WARDEN**

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 07-02-0268    Joseph Walker, Judge**

———————————

**No. W2007-02584-CCA-R3-HC  - Filed February 24, 2009**

———————————

Petitioner, Bobby Lee, appeals the trial court's summary dismissal of his petition for writ of habeas corpus. After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Bobby Lee, Whiteville, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

Following a jury trial, Petitioner was convicted of attempted first degree murder and aggravated assault. The trial court merged the aggravated assault conviction with the attempted first degree murder conviction, and on September 5, 2003, sentenced Petitioner as a Range III, career offender, to sixty years. On appeal, Petitioner argued that the jury venire was unconstitutionally empaneled because it failed to include an adequate representation of African-Americans. This court affirmed Petitioner's conviction. State v. Bobby Lee, No. W2003-02948-CCA-R3-CD, 2004 WL 1813223 (Tenn. Crim. App., at Jackson, Aug. 11, 2004) no perm. to appeal filed. Petitioner subsequently filed a petition for post-conviction relief alleging the ineffective assistance of counsel. The trial court's denial of the post-conviction petition was upheld on appeal. Bobby Lee v. State, No. W2005-00188-CCA-R3-PC, 2005 WL 2464680 (Tenn. Crim. App., at Jackson, Oct. 5, 2005), perm. to appeal denied (Tenn. Dec. 19, 2005).

On October 22, 2007, Petitioner filed a petition for writ of habeas corpus relief alleging that his conviction was illegal and void because (1) his trial counsel and appellate counsel provided ineffective assistance of counsel (2) the selection of the jury venire violated constitutional principles; and (3) his conviction was the result of "overly suggestive and mistaken identity." The trial court found that Petitioner had failed to state a claim for relief which was cognizable in a habeas corpus proceeding and summarily dismissed the habeas corpus petition.

On appeal, Petitioner challenges the trial court's dismissal of his habeas corpus petition without granting him an evidentiary hearing and appointing counsel. Petitioner also argues for the first time on appeal that he is being illegally restrained because the State failed to file a notice of intent to seek enhanced punishment before Petitioner was declared a career offender for sentencing purposes. In his reply brief, Petitioner acknowledges that the State filed such a notice listing between twenty-two and twenty-seven prior convictions but argues that the notice was inadequate because the State did not delineate which prior convictions it was relying on to support Petitioner's career offender status, that some of the prior convictions were based on a single criminal act, and that other convictions were the result of unknowing and involuntary pleas of guilty.

## II. Standard of Review

The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. Id. at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. Id. at 256; Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); Dykes, 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Summers, 212 S.W.3d at 260; Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. Summers, 212 S.W.3d at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower court. Summers, 212 S.W.3d at 255; State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006).

## III. Analysis

Petitioner's argument that he received ineffective assistance of counsel at trial and on appeal and his challenge to the jury selection process have been previously determined in his direct appeal and on post-conviction review. Issues that have been previously decided and disposed of in a direct appeal or on post-conviction may not be raised and relitigated in a subsequent habeas corpus proceeding. Long v. State, 510 S.W.2d 83, 87 (Tenn. Crim. App. 1974). Moreover, these allegations, as well as Petitioner's contention that his conviction was the result of mistaken identification, even if true, would not render the judgment of conviction void, but merely voidable. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998), no perm. to appeal filed; Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). All three claims would require proof beyond the face of the record and appropriate findings to establish their validity and, therefore, do not present a ground for relief which is cognizable in the habeas corpus forum. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999) (observing that a voidable judgment is one that is "facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity").

Petitioner also raises for the first time on appeal an issue concerning his classification as a Range III, career offender, for sentencing purposes. Issues that were not presented to the habeas court will not be considered for the first time on appeal. See State v.Turner, 919 S.W.2d 346, 356 (Tenn. Crim. App. 1995) (observing that issues not raised or litigated in the trial court are waived). Waiver aside, Petitioner's claims that some of his prior convictions were the result of involuntary pleas or that his prior convictions were erroneously counted in determining his range classification, once again, even if true, would render his conviction voidable rather than void. See Ritchie v. State, 20 S.W.3d 624, 634 (Tenn. 2000) (holding that "because the scope of the writ of habeas corpus in Tennessee does not permit inquiry into facts outside of the original trial record, the appellee is not entitled to a hearing to introduce extrinsic evidence collaterally attacking the jurisdiction of the convicting court"). Since there is nothing in the record to show that Petitioner's sentence is anything but facially valid, habeas corpus is not an available avenue of relief for Petitioner. See Burford v. State, 845 S.W.2d 204, 210 (Tenn. 1992).

Because the habeas corpus petition does not state a cognizable claim for habeas corpus relief, we conclude that the trial court did not err in summarily dismissing the petition. Petitioner is not entitled to relief on these issues.

## CONCLUSION

After a thorough review, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE