# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### ALLEN JEAN STEPHENS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6259     Joe H. Walker, III, Judge**

---

**No. W2008-02492-CCA-R3-HC  -   Filed April 15, 2009**

---

The Petitioner, Allen Jean Stephens, appeals the trial court's denial of his petition for habeas corpus relief.   The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the State's motion is meritorious.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Allen Jean Stephens, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner, Allen Jean Stephens, was convicted of one count of possession of more than .5 grams of cocaine with intent to sell and one count of possession of drug paraphernalia.  The trial court sentenced the Petitioner as a range II offender to twenty-three years for the felony drug conviction and eleven months, twenty-nine days for the misdemeanor possession conviction.  This Court affirmed the judgments of convictions and the sentences imposed by the trial court.  See State v. Allen Jean Stephens, No. W2004-00531-CCA-R3-CD (Tenn. Crim. App., at Jackson, Jun. 23, 2005), perm. to appeal denied, (Tenn. Dec. 5, 2005).  Subsequently, the Petitioner sought post-

1

conviction relief, alleging that trial counsel was ineffective. The lower court denied relief and this Court affirmed the lower court's denial. See Allen Jean Stephens v. State, No. W2006-02773-CCA-R3-PC (Tenn. Crim. App., at Jackson, Oct. 3, 2007).

On or about September 10, 2008, the Petitioner filed, in the Circuit Court of Lauderdale County, a petition for habeas corpus relief. As grounds for relief, the Petitioner made the following allegations:

1. The State's argument and proof in conjunction with the trial court's jury instructions broadened the charged offense and thereby resulted in the constructive amendment of the indictment;

2. The indictment was vague and failed to provide notice of the charged offense;

3. The trial court violated his constitutional rights to a jury trial by making factual findings in support of certain enhancement factors and consecutive sentences;

4. The grand jury and the petit jury were both unconstitutionally selected and impaneled;

5. The trial court erred by permitting the prosecution to introduce testimony of prior bad acts;

6. Counsel was ineffective at both the trial and appellate level; and

7. The failure to elect a specific offense was a fatal defect.

By order entered September 18, 2008, the trial court denied habeas corpus relief. Specifically, the lower court determined that the Petitioner's sentence has not expired and that the court had jurisdiction to sentence the Petitioner. A notice of appeal document was filed on October 14, 2008.

The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the Petitioner has failed to state a claim for which habeas corpus relief is available.

The determination of whether to grant habeas corpus relief is a question of law. As such, we will review the habeas corpus court's findings *de novo* without a presumption of correctness. See Edwards v, State, 269 S.W.3d 915, 919 (Tenn. 2008). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. See Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority

to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 955 S.W.2d at 83). Habeas corpus may not be used as a substitute for an appeal. See Edwards, 269 S.W.3d at 920. Thus, the determinative issue in every habeas corpus proceeding is whether the challenged judgment is void. Id.

If after a review of the petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T .C.A. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994), superceded by statute as stated in, State v. Steven S. Newman, No. 02C01-9707-CC-00266 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The Petitioner makes numerous allegations in his present habeas petition. The Petitioner asserts that the prosecutor's argument and the trial court's jury charge essentially amended the indictment resulting in a void conviction. Even if the Petitioner's allegations are true, such allegations would merely render the judgment voidable, not void. Gary E. Aldridge v. State, No. M2004-01861-CCA-R3-HC (Tenn. Crim. App., at Nashville, Apr. 28, 2006), perm. to appeal denied, (Tenn. Nov. 27, 2006) (citing Donald Walton v. State, No. M2002-02044-CCA-R3-CO (Tenn. Crim. App., at Nashville, Jan. 28, 2004), perm. to appeal denied, (Tenn. May 10, 2004)). The Petitioner asserts that his convictions are void because he was sentenced in violation of Blakely v. Washington and its progeny. This claim fails because, even if such defect occurred, the defect would only render the judgment voidable, not void. See Gary E. Aldridge v. State, No. M2005-01861-CCA-R3-HC (citing Francis L. Sanschargrin v. State, No. M2005-00304-CCA-R3-HC (Tenn. Crim. App., at Nashville, Aug. 11, 2004)("This Court has previously determined that even if a Blakely violation occurred at the time of sentencing, such a violation would render the judgment voidable, and not void....")). The Petitioner alleges that he received the ineffective assistance of trial and appellate counsel and that the trial court erred in permitting introduction of evidence of a prior bad act. Issues that have been previously decided and disposed of in a direct appeal or on post-conviction may not be raised and relitigated in a subsequent habeas corpus proceeding. Long v. State, 510 S.W.2d 83, 87 (Tenn. Crim. App. 1974). Moreover, these allegations in addition to the Petitioner's claims that the grand and petit jury were unconstitutionally empaneled and that the prosecution failed to elect an offense, even if true, would not render the judgment of conviction void, but merely voidable. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in, State v. Steven S. Newman, No. 02C01-9707-CC-00266 (Tenn. Crim. App., at Jackson, Mar. 11, 1998); Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). All of these claims would require proof beyond the face of the record and appropriate findings to establish their validity and, therefore, do not present a ground for relief which is cognizable in the habeas corpus forum. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn.1999) (observing that a voidable judgment is one that is

"facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity").

The Petitioner further claims that the indictment charging him with over .5 grams of cocaine with intent failed to provide him adequate notice of the charged offense. A valid indictment is an essential jurisdictional element, without which there can be no prosecution. See State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997); State v. Stokes, 954 S.W.2d 729, 730 (Tenn.1997). "Because a habeas corpus proceeding will allow us to examine the record-including the indictment-it is an appropriate vehicle to determine whether a judgment is void." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). The indictment charged the Petitioner as follows:

> THE GRAND JURORS of Weakley County, Tennessee, duly empaneled and sworn upon their oaths, present that
>
> ALLEN JEAN STEPHENS
>
> on July 11, 2003, in Weakley County, Tennessee, . . . did unlawfully, feloniously and knowingly possess point five (.5) grams or more of a substance containing cocaine, a Schedule II controlled substance with intent to deliver such controlled substance in violation of T.C.A. § 39-17-417(a)(4), a Class B felony Possession of Controlled Substance with Intent,
>
> SECOND COUNT
>
> And the Grand Jurors aforesaid . . . present further than on the date aforesaid and in the aforesaid County, the aforesaid ALLEN JEAN STEPHENS did unlawfully and knowingly possess Marijuana, a controlled substance, in violation of T.C.A. § 39-17-418(a), a Class A Misdemeanor Simple Possession,
>
> THIRD COUNT
>
> And the Grand Jurors aforesaid . . . present further that on the date aforesaid and in the aforesaid County, the aforesaid ALLEN JEAN STEPHENS did unlawfully and recklessly possess with intent to use drug paraphernalia to pack, store and contain a controlled substance in violation of T.C.A. § 39-17-425(a), a Class A Misdemeanor Unlawful Drug Paraphernalia Uses and Activities.

4

An accused is constitutionally guaranteed the right to be informed of the nature and cause of the accusation. State v. Lindsey, 208 S.W.3d 432, 437-438 (Tenn. Crim. App. 2006) (citing U.S. Const. amend. 6, 14; Tenn. Const. art. I, § 9; see Wyatt v. State, 24 S.W.3d 319, 324 (Tenn. 2000)). Our courts have interpreted this constitutional mandate to require an indictment to "1) provide notice to the accused of the offense charged; 2) provide the court with an adequate ground upon which a proper judgment may be entered; and 3) provide the defendant with protection against double jeopardy." Lindsey, 208 S.W.2d at 438 (citing Wyatt, 24 S.W.3d at 324). Further, an indictment is statutorily required to "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." Id. (citing T.C.A.§ 40-13-202). The indictment in the present case fully informs the Petitioner of the essential elements of the charged offenses. The indictment names the Petitioner as the accused, the date of the offense, the actus reus, the mens rea, and references to the applicable statute. The indictment clearly vests jurisdiction in the convicting court and places the Petitioner on notice of the nature of the charge.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

**J.C. MCLIN, JUDGE**
